STATE, CHAMBERS, PROSECUTOR, v. DWYER ET AL., COMMISSIONERS TO IMPROVE THE BERGEN LINE ROAD.

A writ of *certiorari* may be served by any person and in any manner by means of which the persons to whom it is directed may reasonably be made aware of the fact of the issuing of the writ and of its requirement. If the original is in fact delivered to the persons to whom it is directed, in such a manner as to communicate the information that they are required to obey it, the service is sufficient.

On rule to show cause why the commissioners should not make return to writs of *certiorari*.

Argued at November Term, 1878, before Justices DALRIMPLE, DEPUE and SCUDDER.

State, Chambers, pros., v. Dwyer.

For the prosecutor, *Gilbert Collins.*

*Contra, A. I. Smith.*

The opinion of the court was delivered by

DEPUE, J.   Writs of *certiorari,* eighteen in number, were sued out by different sets of prosecutors to review the proceedings of the commissioners in executing their duties in improving the Bergen line road.   They were all returnable to November Term, 1877.   These writs were spent at the return day, and cannot now be revived for the purpose of service. *State* v. *Commissioners of New Brunswick,* 8 *Vroom* 395.

The commissioners refuse to make return to the writs, on the ground that they were not legally served on them.

The testimony taken under a rule of court shows that the writs, before the return day, were served on one James H. Symmes, who is described as the clerk of the commissioners. He was employed by the commissioners to keep a record of their proceedings and do such other work as they desired him to do.   The commissioners were not an organized body, with a clerk as their official representative, upon whom service of ordinary process might be made.   He did not represent the commissioners in that capacity.   Service of ordinary process upon him would not be legal service upon the commissioners. *Dock* v. *Elizabeth Steam Manufacturing Co.,* 5 *Vroom* 312.

If the regularity of the proceedings in these suits depended solely upon the legal effect of the service of these writs on Symmes, they would be fatally defective.   But it appears that all the writs were delivered by Symmes to Paxton, one of the commissioners, and who acted as the attorney of the commissioners, immediately upon their service on him, and before the return day ; and that Paxton was in negotiation with the attorney of the prosecutors with regard to an arrangement that the return to one of them should be taken as the return to all.   It also appears that Symmes communicated the fact of the service of the writs to the other commissioners, and showed the writs to them before the time for the return;

State, Chambers, pros., v. Dwyer.

that the other commissioners declared that they had not been served with the writs, and directed Symmes to hand them to Paxton.

This was sufficient service to make it obligatory on the defendants to obey the command of the writs in making return thereto. Extraordinary process, such as writs of injunction, *mandamus, quo warranto* and *certiorari,* with regard to which there is no statutory prescription of the time or mode of service, may be served by any person and in any manner by means of which the party to whom they are directed may reasonably be made aware of the fact of the issuing of the writ and of its requirement. Such writs need not be served by an officer. If the original is in fact delivered to the persons to whom it is directed, in such a manner as to communicate the information that they are required to obey it, the service is sufficient. *High on Ex. Rem.,* §§ 517, 732 ; *Haring* v. *Kaufman,* 2 *Beas.* 397. The court will not allow its process to be disregarded or evaded on mere technical grounds. *Endicott* v. *Mathis,* 1 *Stockt.* 110. A court of equity will punish the violation of its order for an injunction, though the writ be not served, if the defendant knew of its existence. *Haring* v. *Kaufman ; Endicott* v. *Mathis, supra ; Hull* v. *Thomas,* 3 *Edw. Ch. R.* 236.

In the present case all the commissioners knew that the writs were issued, and that they were required to make returns thereto. The writs were exhibited to all, and were left with one of their number who acted as attorney for all. They cannot be relieved from the obligation of obedience to the commands of the court on the ground that service should have been made in a more formal manner.

The rule to show cause why a return should not be made should be made absolute, with costs.