## LUCY F. SEYFERT v. THOMAS A. EDISON.

1. An execution returned in the manner pointed out by section 23 of the act concerning executions (*Rev*, p. 393,) on which a sum not less than $50 remains due, and a petition in compliance with the requirements of section 24, are the jurisdictional facts upon which the power to make an order for discovery in supplementary proceedings rests.

2. Service of an order for discovery may be made beyond the jurisdiction of the court in which the judgment is, and even out of the state.

3. Service of such an order in another state may, in the circumstances of a particular case, be so unreasonable and oppressive as that the judge would refuse to enforce obedience by attachment for contempt; and the attachment, if issued, might be nugatory by reason of inability to execute it, where the debtor remains beyond the jurisdiction of the court; but the service of the order would not be illegal or irregular.

On case certified on proceedings for discovery in aid of an execution.

Seyfert v. Edison.

Plaintiff recovered judgment in the Supreme Court against the defendant on *postea* at February Term, 1884, on which execution was duly issued to Middlesex county, and returned satisfied in part only by sale of all of the defendant's property subject to execution. Petition was thereupon presented by the plaintiff to the Honorable Edward W. Scudder, a justice of said court, in due form, and duly verified as required by the statute. *Rev.*, *p.* 393, § 24. Upon presentation of which petition the said justice made an order on the day of November, 1884, requiring said defendant to appear before a Supreme Court Commissioner therein named, at a time and place therein specified, and make discovery under oath as to his property and things in action in the form prescribed by said statute, section 23.

At the time of the making of this order the defendant was not a resident of this state, but was at that time, has been since, and is now a resident of and domiciled in the State of New York ; and plaintiff being unable to find the defendant within this state, delivered a duly certified copy of said order personally to said defendant in the city of New York; the said order was not served in any other manner.

Defendant did not appear before the commissioner as required by the order, but afterwards moved before the justice by whom the same had been made to set aside the service thereof as insufficient by reason of the same having been served out of the jurisdiction of the court wherein said judgment had been rendered, and to discharge the defendant from obedience thereto.

The justice denied the said motion, and confirmed the said service by order dated May 5th, 1885, and therein and thereby further ordered that defendant appear at a time and place therein specified before the same commissioner and make discovery, and in default of so appearing, that he should show cause before said justice why he should not be attached as for a contempt of said Supreme Court. The last-named order was sent to the defendant by mail to his address in the city of New

York, and there received by him, and a copy thereof was served on his attorney in this state.

Defendant did not appear for examination in response to the last order, but now moves to set aside said orders, and the plaintiff moves to make absolute the order to show cause why an attachment should not issue. Both motions are heard at the same time, by consent.

Certified for advisory opinion of Supreme Court.

E. W. SCUDDER, J.

Argued at June Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the motion, A. V. Schenck.

Contra, Alan H. Strong.

The opinion of the court was delivered by

DEPUE, J.    The judgment on which the order for discovery was made was recovered upon a verdict in a suit brought by summons duly served.

Application was made to set aside the order for discovery on the ground that the order was not legally served on the defendant.

By the twenty-third section of the act concerning executions power is conferred upon the judge to make the order whenever an execution has been returned unsatisfied in whole or part, provided the amount due on the judgment shall not be less than $50. Rev., p. 393. Section 24 prescribes the conditions upon which the order shall be made— a petition verified by oath stating the amount due on the execution, the return of the officer made thereon, and the belief that the judgment debtor has property or money or things in action due to him or held in trust for him, where the trust has been created by, or the fund held in trust has proceeded from himself, over and above such property as is or may be reserved by law to an amount exceeding $50. An execution

returned in the manner pointed out by the twenty-third section, on which a sum not less than $50 shall remain due, and a petition in compliance with the requirements of the twenty-fourth section, are the jurisdictional facts upon which the power to make the order depends. There is nothing in the nature of the proceeding or in the requirements of the statute which makes notice to the defendant essential to the validity of the order. There is no more reason for requiring a notification of the defendant in execution of the purpose to reach his choses in action or property held upon a legal trust for his benefit, and subjecting them to the payment of the judgment debt, than there would be for requiring notice to him of the intention to levy on his personal chattels by an execution upon the judgment. By the statute the order takes effect immediately upon its being made, and the title of the receiver when appointed will have relation to the time of the issuing of the execution. *Coleman* v. *Roff*, 16 *Vroom* 17. The object of the statute is to reach moneys due to the defendant and property held in trust for him, which for technical reasons cannot be subjected to levy and sale by process of execution; and the examination of the judgment debtor for the purpose of the discovery of such property, and injunction process, are proceedings for the advantage of the judgment creditor, the more effectually to accomplish the purpose of the statute. Discovery by means of the examination of the judgment debtor is not essential to the appointment of a receiver. If the debtor, on notice, fails to appear, the creditor may examine other witnesses; or if he appears and makes denial of the ownership of such property, the contrary may be made to appear by other witnesses, and by such testimony a receiver may be appointed. *Colton* v. *Bigelow*, 12 *Vroom* 266.

The statute contemplates that the judgment debtor shall have notice of the examination. If on the examination it shall not be made to appear that the debtor has such property or things in action as may be reached under the statute, the petition of the judgment creditor shall be dismissed with costs (*Rev.*, p. 394, § 27); and either party may produce before

the commissioner witnesses to testify in his behalf, and the debtor is entitled to be represented by counsel at the examination and cross-examine the witnesses sworn and examined by his adversary *Pamph. L.* 1882, *p.* 154. An order appointing a receiver, where the examination of witnesses was had without notice to the judgment debtor, would undoubtedly be irregular.

The statute has made no provision for the mode of serving the order for discovery. Statutory provisions with respect to service of summons in a cause are inapplicable to this proceeding. The general doctrine of the law is that extraordinary process, such as writs of injunction, *mandamus, quo warranto* and *certiorari,* with regard to which there is no statutory prescription of the time or mode of service, may be served by any person and in any manner, by means of which the party to whom they are directed may reasonably be made aware of the fact of the issuing of the writ, and of its requirement. If the original is in fact delivered to the persons to whom it is directed in such a manner as to communicate the information that they are required to obey it, the service is sufficient. *State* v. *Dwyer,* 12 *Vroom* 93, 95. An injunction will not be set aside as being irregularly served where it was served out of the jurisdiction of the court; and there are cases in which a party will be considered in contempt where the injunction was not regularly served, as where they were present in court at the time it was ordered, or had other certain knowledge that the same had been ordered. *Corey* v. *Voorhies,* 1 *Green Ch.* 5, 7. In *Haring* v. *Kauffman,* 2 *Beas.* 397, the defendant had been brought within the jurisdiction of the court by process of subpœna regularly served in the cause. An injunction order allowed was served on the defendant at his residence in the city of New York, and, on application for an order declaring such service to be a valid and sufficient service, Chancellor Green made the order. The learned Chancellor said that "all that is required to enable the court to enforce obedience to its process is that the defendant should have knowledge of the order for the

injunction. * * * * If the injunction was properly granted, the service, though out of the state, answered all the ends for which it was intended—it apprised the party of the order of the court."

The practice of the Court of Chancery with respect to punishing violations of its injunction orders, in which the court acts upon knowledge by the party enjoined of the mere fact that the injunction order has been granted, is peculiar to that court. But so far as concerns the service of orders and rules in the course of a cause over which a court of law has obtained jurisdiction, the practice of the two courts should be similar. Such rules and orders are no part of the machinery incident to the jurisdiction of the court, and service made beyond the limits of the jurisdiction of the court, or out of the state, answers all the ends for which service was intended —it apprises the party of the order of the court. I have no doubt that service of demand of security for costs, of notice of motions to strike out pleadings, notice of trial, of taking depositions, of interrogatories, of rules to plead, and the like, made in another state, would be good. If it were otherwise, great inconvenience might result if a party residing in another state should appear in the suit in person. An order for discovery in supplementary proceedings is a proceeding of the same nature as those that have been mentioned, and should be put on the same footing as to the mode of service. It may be served on the defendant beyond the jurisdiction of the court, and even out of the state. Service of such an order in another state may, in the circumstances of a particular case, be so unreasonable and oppressive as that the judge would refuse to enforce obedience by attachment for contempt, and the attachment, if issued, might be nugatory by reason of inability to execute it, where the debtor remains beyond the jurisdiction of the court, but the service of the order would not be illegal or irregular.

In this case there are no circumstances that made the service of these orders oppressive or unreasonable. The defendant does not make his resistance to them on the ground that

the time or mode of service was unreasonable. He puts himself upon the allegation that the service was not legally made. We think both orders were properly served, and that the order to show cause why an attachment for disobedience should not issue should be made absolute.