786 A.2d 141

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. GREG MERNAR, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 27, 2001—Decided December 17, 2001.

Before Judges PRESSLER, CIANCIA and PARRILLO.

*Fred J. Theemling, Jr.*, Hudson County Prosecutor, attorney for appellant (*Tracey McQuaide*, Assistant Prosecutor, on the brief).

No brief has been filed on behalf of respondent.

The opinion of the court was delivered by

CIANCIA, J.A.D.

The State appeals the dismissal of a criminal complaint that charged defendant Greg S. Mernar with violating a domestic

violence temporary restraining order (TRO), *N.J.S.A.* 2C:29–9b, and defiant trespass, *N.J.S.A.* 2C:18–3b. The complaint was dismissed upon a finding that the State failed to show that the TRO was properly served on defendant by a law enforcement officer. While we share the court's concern over the manner of service, we believe the question of actual notice should have been further explored before determining whether the complaint was to be dismissed.

There was no sworn testimony taken in the proceedings that preceded dismissal of the State's complaint, but many of the facts are apparently not in dispute. On April 16, 2001, defendant's father obtained a domestic violence TRO against defendant, his adult son. The order may have been delivered to "the police" for service, but the return of service was never completed and for present purposes we assume no law enforcement officer served the order on defendant. The complainant, however, said that he gave a copy of the TRO to his son either on the day it was issued or the next morning, April 17. The alleged violation apparently occurred during the afternoon of April 17. Defendant denied any receipt of the order.

*Rule* 5:7A, entitled *Domestic Violence: Restraining Orders,* does not speak specifically to how a TRO or final restraining order is to be served, but the rule does acknowledge a judge's authority to enter such orders "as authorized by *N.J.S.A.* 2C:25–1 et seq." The relevant portion of the Prevention of Domestic Violence Act provides:

> An order granting emergency relief, together with the complaint or complaints, shall immediately be forwarded to the appropriate law enforcement agency for service on the defendant, and to the police of the municipality in which the plaintiff resides or is sheltered, and shall immediately be served upon the defendant by the police, except that an order issued during regular court hours may be forwarded to the sheriff for immediate service upon the defendant in accordance with the rules of court. If personal service cannot be effected upon the defendant, the court may order other appropriate substituted service. At no time shall the plaintiff be asked or required to serve any order on the defendant.

> [*N.J.S.A.* 2C:25–28(l.).]

■ The trial judge was properly concerned that a TRO be correctly served. Given the nature of domestic violence, the complaining party should not be relied upon to serve the restraining order. That said, however, when there is an alleged violation of a restraining order the question becomes one of actual notice, not merely the manner of service.

The law has long been settled that a contempt action may proceed against a defendant who has actual knowledge of the restraints imposed, even though the injunction was not regularly served. *In re Education Assoc. of Passaic, Inc.*, 117 *N.J.Super.* 255, 262, 284 *A.2d* 374 (App.Div.1971), *certif. denied*, 60 *N.J.* 198, 287 *A.2d* 458 (1972) (quoting *Corey v. Voorhies*, 2 *N.J.Eq.* 5, 7 (Ch.1838)); *accord In re Jersey City Educ. Assoc.*, 115 *N.J.Super.* 42, 51, 278 *A.2d* 206 (App.Div.), *certif. denied*, 58 *N.J.* 603, 279 *A.2d* 688, *cert. denied*, 404 *U.S.* 948, 92 *S.Ct.* 268, 30 *L.Ed.2d* 265 (1971) (actual notice is sufficient-not necessary to prove formal service). In *Kempson v. Kempson*, 61 *N.J.Eq.* 303, 311, 48 *A.* 244 (Ch.1901), Vice Chancellor Pitney stated:

> With regard to the actual service of the writ out of the jurisdiction. It seems to be well settled that it is a matter of no consequence how the fact of the issuing of the injunction is brought to the knowledge or notice of the defendant. If he has notice or knowledge of it, his conscience is bound, and he is liable to the consequences of its breach to the same extent as if it had been actually served upon him in writing. The authorities on the subject in this state are *Corey v. Voorhies*, 2 *N.J.Eq.* 5, by Chancellor Pennington; *Haring v. Kauffman*, 13 *N.J.Eq.* 397, by Chancellor Green; *Endicott v. Mathis*, 9 *N.J.Eq.* 110, by Chancellor Williamson; [*Cape May and* Schellinger's Landing] *Railroad Co. v. Johnson*, 35 *N.J.Eq.* 422, by Vice Chancellor Van Fleet; *State v. Dwyer*, 41 *N.J.Law* 93, by Justice Depue; and *Seyfert [Seyfort] v. Edison*, 47 *N.J.Law*, 428, 1 *Atl.* 502 (at page 433, 47 *N.J.Law*, and page 505, 1 *Atl.*).

Accordingly, the trial court's focus should have been on the conflicting allegations concerning whether defendant actually received the TRO. Additionally, defendant's admitted alcoholism and his possible state of inebriation when he was allegedly handed the TRO, raise the question of whether he comprehended any order that he may have received. The necessary facts should be ascertained through sworn testimony.

The criminal complaint against defendant is reinstated and the matter remanded for proceedings consistent with this opinion.