RtjffiN, C. J.
 

 We see no difficulty in the objection stated in this case, but concur in the opinion of his Honor. While a case is pending, an omission in the record from misprision of the clerk or any accident, may, from necessity, be supplied by making the proper entry as of the proper time, so as to make the record speak the truth, as to the do-ingsof the parties or the court in that matter. Upon the same principle, upon the destruction of any part of the record, or rather, of the process, pleadings or orders in a suit— for the record, properly speaking, is not made up until the cause is at an end — such loss may be supplied by making up others in their stead, provided the court be reasonably satisfied that the two are of the same tenor. Thus, upon the loss of an original bill in equity or the destruction of a declaration, copies extant have been ordered to be filed and stand as the originals. And so, we think, it must be as to each part and the whole of the proceedings. The real difficulty in the case consists not so much in the legal principle, as in the party having the means of satisfying the court as to the tenor of the documents destroyed; which he is under the ne_ cessity of doing, before he can put in a substitute for them. But if the court is able to see really, that, from the materials before it another record may be made of the same purport, so that no injustice will be done, it is both within the authority and duty of the court so to order. There was no intimation in this case of a variance between the record that was burnt and that newly drawn- up; and there can be scarcely a suspicion that they are not of the same tenor, since the action is debt on a bond, which is produced, and corresponding to which were, doubtless, the writ and declaration ; and the issues appear from the memoranda on the
 
 *83
 
 preserved docket. Such being the circumstances, we sup. pose the judge could not hesitate upon the question of But into that this court does not enter ; it being our province only to say, whether the Superior Court had the power in controversy'; upon which our opinion is clear in the affirmative.
 

 Per Curiam, Judgment affirmed.