G. W. HOWEY and Wife, to use of R. R. REA. vs. J. M. MILLER.

It is the right of every creditor to have his debt paid to himself. and a law; authorizing payment to be made to another person without the consent of the creditor, is in derogation of this common right, and ought to be strictly construed;

Therefore, as section 265, C. C. P., authorizing "any person indebted to the judgment *debtor* to pay to the sheriff the amount of his debt, &c.," is worded in the singular number; *it was held*, that said section, especially when considered in connection with sections 264 and 266, did not apply to cases where there are *several debtors* in the same judgment.

CIVIL ACTION tried before *Henry, J.*, at a Special Term of Mecklenburg Superior Court, January, 1872.

The plaintiff declared on the following bond :

" $787.79.                        CHARLOTTE, Jan. 22d, 1861.

One day after date I promise to pay Mary Jane Stitt seven hundred and eighty seven dollars and seventy-nine cents.

·J. M. MILLER, [Seal.]

The following credits were endorsed :

$100. Feb. 25th, 1863 ; $103, Oct. 1867 ; $100, April 27th, 1869 ; $35, July 3d.  Signed, J. N. Hunter."

It was admitted that the obligee in the bond had intermarried with the plaintiff Howey, and the complaint alleged that Rea was the owner of the bond, having purchased for value.

Defendant, in his answer, insisted that Howey and his wife, before the transfer to Rea, had sold the bond to one Hunter for value, and that while Hunter was the owner there were various judgments against him in Mecklenburg Superior Court ; that executions were issued upon these judgments against Hunter, and that they were paid to the sheriff by the defendant.  Several judgments are set out in defendant's answer, and were all against Hunter and other parties.  Upon the trial, he proposed to prove that executions were issued upon the judg-

ments, were in the hands of the sheriff, and were paid as stated in the answer.

Plaintiff objected to the evidence. The objection was overruled. Defendant exhibited the executions, which were in the sheriff's hands in October 1869, and produced receipts from the sheriff, which were in the following form, &c. : " Rec'd Oct. 16th, 1869, of J. M. Miller, two hundred and forty-eight dollars, in full of an execution against S. F. Houston, J. N. Hunter and L. W. Osborne, the said Miller being a debtor of J. N. Hunter." The sheriff testified that he gave the receipts exhibited.

Defendant testified, that in 1867 Hunter had the bond in his possession, claiming it as his own ; that he then, and frequently afterwards, and up to July 1869, demanded payment. Defendant offered to pay in notes and accounts, which Hunter refused ; and he applied to counsel to know if the notes and accounts could not be made available to meet the bond in question. He placed several notes, &c., in the hands of his counsel, and the payments were made to the sheriff by his counsel, and he did not know when. He stated that he had made no settlement with his counsel, and did not know whether they had collected the notes and accounts or not ; that Hunter applied to him for payment after he had been told that the bond was paid. Defendant received notice from plaintiff, that he was owner of the bond before suit was brought ; thinks after he had been informed that the bond was paid off. Notice of payment was given to Hunter 26th October, 1869.

Plaintiffs' counsel insisted that the proofs offered did not bring the case within the provisions of section 265, C. C. P.

The Court charged, that if the payments alleged were made to the sheriff, while Hunter was the owner of the bond in suit, and these payments and those endorsed were equal to the principal and interest of the bond, they should find for the defendant. That payments made by counsel were the same as payments made by the defendant.

The jury returned a verdict for the defendant. Motion for *venire de novo*. Motion overruled. Judgment and appeal by plaintiff.

*Guion*, for plaintiffs.
*Jones & Johnston*, for defendants.

PEARSON, C. J. The case turns upon the construction of sec. 265, C. C. P. If this section stood alone, we should be inclined to restrict its operation to cases where there was a single judgment debtor, and to hold that it did not apply to cases where there are several debtors in the same judgment.

It is the right of every creditor to have the debt paid to him; and a law, authorizing the debt to be paid to another person without the consent of the creditor, is in derogation of this common right, and is to be construed strictly. Of this character is the law in reference to attachment, and garnishment in cases of non-resident and absconding debtors. The section under consideration extends the principle and introduces a provision for a *voluntary garnishment ;* where the judgment debtor is neither a non-resident or an absconding debtor, and without any allegation of fraud.

For these considerations, as the section is worded in the singular number " any person indebted *to the judgment debtor,* &c.," the court would hardly, if the section stood alone, feel at liberty to extend its operation by adding the words " or to any one of several debtors in the same judgment ;" for, such extension might in many cases result in much inconvenience and injustice to some of the several debtors in the same judgment. For instance, a judgment on a guardian bond and levy on the property of the principal; a debtor of one of the sureties pays to the sheriff the amount of the execution, and thus discharges the levy and deranges the order of liability. Any one can see the consequences that this officious and voluntary payment to the Sheriff, instead of to the creditor, may lead to.

But the construction of this section is put beyond all doubt, by taking it in connection with sections 264 and 266.

"When an execution against property of the judgment debtor, or *any one of several debtors in the same judgment* &c.; Sec. 264 paragraph 1. This has reference to cases where the execution has been returned, "unsatisfied." "After the issuing of an execution against property, on affidavit, &c., that any judgment debtor has property which he unjustly refuses to apply, the Court or Judge may by order require the judgment debtor, &c;" Paragraph 2. This has reference to cases where the execution is in the hands of the Sheriff.

"After the issuing of execution against property any person indebted to the judgment debtor may pay to the Sheriff, &c," sec. 265. This, like paragraph 2 of sec. 264, has reference to cases where the execution is in the hands of the Sheriff. These contemplate cases where there is a single judgment debtor, and the words "or any one of several debtors in the same judgment," in paragraph 1, sec. 264, are omitted. It must be taken that the words were omitted on purpose, and the Court is not authorized to supply them, or to give to sec. 265 the same operation as if the words had been used. Again, "After the issuing or return, of an execution against property of the judgment debtor, or of *any one of several debtors in the same judgment, &c.;*" Sec. 266. Here the words are set out, and the section is made applicable to cases where there are more than one judgment debtor. This makes the question of construction too plain to admit of further discussion.

There is error.

PER CURIAM                               *Venire de novo.*