WEILLER & CO. v. S. M. LAWRENCE and another.

*Practice—Supplemental Proceedings—Notice.*

1. Section 346 of C. C. P., requiring eight days' notice of motions generally, has no reference to the examination of judgment debtors under supplementary proceedings, but such cases are governed by section 264 of the Code, which refers the *time* and place of examination to the discretion of the court or judge.

   *Obiter:* If the notice were insufficient, *it seems* that the proper course would be to retain the case until full time for appearance had been given.

2. An affidavit is insufficient to warrant the examination of the judgment debtor, if it does not negative property in the defendant liable to execution *and* the existence of equitable interests which may be subjected by sale in the nature of execution ; but the omission of such negative averments may be remedied by amendment at the hearing.

3. Joint, as well as single debtors, may be examined after the issuance of an execution, and before its return.

4. A personal demand on the debtor that he apply his property to the satisfaction of the creditor's claim, is not necessary to authorize supplemental proceedings. The prosecution of the suit to judgment and execution is a sufficient demand.

   *Guion* v. *Melvin*, 69 N. C., 242; *McKeithan* v. *Walker*, 66 N. C., 95; *Hutchison* v. *Symons*, 67 N. C., 156 ; *Brown* v. *Hawkins*, 65 N. C., 645 ; *Clark* v. *Clark*, 64 N. C., 150; *Howey* v. *Miller*, 67 N. C., 459, cited, distinguished and approved.)

PROCEEDING supplementary to the execution under C. C. P., § 264, heard at Chambers, in Jackson, Northampton county, on the 11th of April, 1879, before *Eure, J.*

The plaintiffs recovered a judgment against the defendants, S. M. Lawrence and A. B. Daughtry, partners in trade, before a justice of the peace, on the 29th March, 1879, and had it docketed in the superior court.   An execution was issued thereon on the 8th of April, 1879, and upon affidavit of plaintiffs an order for examination was made returnable before the judge at chambers.   The defendants appeared specially and. moved to dismiss the proceeding and discharge said order, for that only three days' notice had been given.   In reply, the plaintiffs insisted that the notice was sufficient in law, but offered to continue the case to a day which would suit the convenience of defendants.   It was further objected that the plaintiffs' affidavit did not show that defendants had no property which could be sold under proceedings in the nature of execution to enforce its sale; and without admitting the force of the objection the plaintiffs asked and obtained leave to amend the affidavit so as to meet the objection.   The amendment was allowed, and the defendants excepted.   It was also contended by defendants that this proceeding could not be maintained against joint debtors, unless the affidavit showed that the execution had been returned unsatisfied in whole or in part.

The motion to dismiss was overruled, and the defendants filed their answer.   It was then admitted that no demand or request was made on defendants to apply any of their property to plaintiffs' debt, other than the issuing the summons, obtaining judgment, and issuing execution.   The court also refused to dismiss upon this ground, and ordered the examination to be had before N. R. Odom, clerk of the superior court, at his office in Jackson, upon ten days' notice to each party.   From which ruling the defendants appealed.

*Messrs. R. B. Peebles* and *B. S. Gay*, for plaintiffs.
*Messrs. W. Bagley* and *Mullen & Moore*, for defendants.

DILLARD, J.  The plaintiffs having judgment duly dock-eted against defendants as partners in business, issued their execution, and while the same was in the hands of the sheriff, applied to the judge of the district for an order to examine the defendants on proceedings supplementary to execution.

His Honor ordered the examination before himself at chambers, and issued a notice to the defendants on the 8th of April, returnable before him on the 11th, and at the re-turn day, defendants appeared specially on a notice to dis-charge the order of examination and to dismiss the proceed-ings, on the grounds which together with the rulings of the judge thereon will be separately mentioned and considered.

1. The defendants moved the dismission, for that they had had but three days' notice, and the same in law was insufficient, insisting that they were entitled to eight days' notice under C. C. P., § 346.  This section of the Code is a part of the chapter regulating the subject of motions gen-erally, and the eight days prescribed therein is to be ordi-narily observed, but there is a distinct provision in regard to supplementary proceedings in section 264, wherein it is pro-vided that the debtor may be required to appear and answer concerning his property before the court or judge at a *time and place* specified in the order, and from this phraseology it is to be taken that the eight days' notice insisted upon under section 346 does not apply, for it is manifest from the language aforesaid that it was competent to the judge to name the place and fix upon the time according to his dis-cretion, under all the circumstances.  He might in some cases make it longer; in others, he might make it shorter, accord-ing to the emergency, upon the facts disclosed in the affida-vit, having a due regard to the convenience of the parties and the necessity for a speedy examination.  His Honor, however, did not require the defendants to submit to an ex-amination on the return day of the notice, but made a new

order of examination, and ordered the examination to be had before N. R. Odom, clerk of the superior court at his office on ten days' notice to each party of the time and place, and thus a reasonable opportunity was afforded the defendants to make ready. This action of the judge derives support from the ruling of this court in the case of *Guion* v. *Melvin*, 69 N. C., 242, wherein it was held, that on a summons requiring a party to appear on a day certain, which was short of twenty days after the service, the judge of probate should not have dismissed the case, but continued it so as to give the party full time for appearance. We think, therefore, the defendants have no just cause of complaint of His Honor's action on this point.

2. It was moved to dismiss on the ground that the affidavit of the plaintiffs was insufficient to warrant the order of examination, in that, whilst it negatived property in the defendants liable to execution, it did not negative the existence of equitable interests, which could be reached by proceedings to enforce a sale in the nature of an execution. It was certainly necessary that the affidavit should be thus definite, as decided by this court in the cases of *McKeithan* v. *Walker*, 66 N. C., 95, and *Hutchison* v. *Symons*, 67 N. C., 156; and so when the motion was made the affidavit being defective, the order of examination and proceedings should have been set aside and dismissed, if the plaintiffs stood upon the sufficiency thereof; but on the mention of the defect, they at once, in order to obviate the objection, asked leave to amend their affidavit.

His Honor allowed the amendment, and it was forthwith made so as to negative both the existence of property which could be reached by execution, and of equitable interests, which could be reached by proceedings for the sale of the same, in the nature of an execution. And the question is, was His Honor right in allowing the amendment of the affidavit? It is urged by defendants that as their motion

was grounded on the insufficiency of the plaintiffs' affidavit, and without any affidavit on their part, it was inadmissible to allow any new affidavit or amendment of the one already filed on the part of the plaintiffs; and for this position they rely on the authority of this court in the cases of *Brown* v. *Hawkins*, 65 N. C., 645, and *Clark* v. *Clark*, 64 N. C., 150.

The cases cited were motions to vacate attachments, and it was therein decided, that if the motion was based on the insufficiency of the plaintiff's affidavit alone, it was incompetent to resist the same by any affidavit in addition to the one on which the attachment was issued as per C. C. P., § 213; and the same ruling was made by this court as to motions to vacate an injunction under C. C. P., § 196, and as to motions to vacate an order of arrest under C. C. P., § 175. In all these instances the court was bound by the express provisions of the Code, and there was no power or discretion to rule otherwise. But in regard to supplementary proceedings there is no such provision in the statute, and so the judge was at liberty when the defect was exhibited, to allow the amendment by inserting other provisions therein under the liberal powers contained in C. C. P., § 132.

The judge, on the motion to dismiss, assuredly had the power to set aside the order of examination and dismiss the proceedings *eo instante*, to allow the amendment and to make a new order of examination, and this His Honor in effect did; he allowed the amendment at once and ordered an examination to be had, not before him as at first, but before Mr. Odom in his office in Jackson on ten days' notice of the time and place. It seems to us, therefore, in the absence of any statutory prohibitions, as in the provisional remedies before mentioned, the allowance of amendment was in furtherance of justice, and within the competent authority of His Honor.

3. It was objected, that supplementary proceedings did not lie against joint debtors, unless it appeared that the execution had been returned *unsatisfied.* Under the first part

of section 264 of the code, the remedy is given as to the judgment debtor, or any one of several debtors in the same judgment, *after* execution returned *unsatisfied*, and this is construed to extend to the case of a single debtor or to joint debtors, and is not controverted by the counsel for defendants. But in the second part of said section the remedy is given, when the execution is *still* in the hands of the sheriff, and is described as extending to *any judgment* debtor; and from the difference of the phraseology in the two cases it is argued that in the last case the defendants, being joint debtors, are not liable to be examined in such a proceeding. In our opinion, the language used in the case of an execution *unreturned*, "any judgment debtor," is as broad as the words employed in the case of an execution *returned*, "the judgment debtor, or any one of several debtors in the same judgment," and was intended to embrace, and does embrace, the case of the defendants as joint debtors. The history of the section in the New York code, from which section 264 in our code is copied, confirms this view : at first the code provided the remedy as extending to the judgment debtor, or any one of several debtors in the same judgment on the return of an *execution unsatisfied*, and afterwards, by amendment, it was authorized in the case of an execution *issued and in the hands of the sheriff.* 2 Whitakers Prac., 665. And the construction and practice in that state were, that joint debtors were embraced alike under each part of the section, and in all cases, except where a judgment was taken against joint debtors on service of a summons on but one as authorized by the code, and this was provided for by another amendment in 1863 restricting the examination of the debtor, not served, to the joint property and after execution returned unsatisfied. This last provision is contained in our code and is the second clause in section 266, and the remedy therein extended to joint debtors in a judgment obtained on service of summons on but one, indicates and establishes

that joint debtors included in a judgment founded on a service on all, was already provided for in section 264.

Our attention has been called to the decision of this court in the case of *Howey* v. *Miller*, 67 N. C., 459, and it is claimed that the point there decided is adverse to the conclusion to which we have arrived. In that case the decision was that a debtor to one of several judgment debtors might not voluntarily pay his debt to the sheriff having an execution in his hands, but could only do so under section 265 of the code, when the judgment was against a single debtor. It decided nothing as to the payment of a debt due to partners, and certainly nothing as to a compulsory payment by order of the court on a judgment against partners for a joint debt, on supplementary proceedings as provided for in C. C. P., § 266. We therefore conclude that the remedy does extend to joint debtors, and His Honor ruled correctly as to this ground.

4. The defendants failing in their motion to dismiss on these several grounds, urged that no demand had been made on them, and that they had never refused to apply their property to the satisfaction of plaintiffs' debt, and, therefore, the plaintiffs were not entitled to an order for their examination. In our opinion, suit brought and all the proceedings up to judgment, and execution issued and placed in the hands of the sheriff, was in law a demand; and during all the while it was the duty of the defendants to comply with the demand thus made, by devoting their property to the payment of the debt, and their non-compliance was a refusal within the intent and meaning of the statute, and authorized the remedy. It certainly cannot be that the plaintiffs, before they can resort to the remedy, have to make a personal demand and have a formal refusal; if so, then in case a debtor should be fraudulently inclined, such a course would be notice to put away and secrete the property and render the proceeding fruitless.

. It is enough that the defendants, in disregard of their obligation, refused in the sense before explained, to devote their property to the payment of plaintiffs' debt, which had been demanded by suit brought and the proceedings to judgment.

We concur with His Honor in his ruling on this and all the grounds of the motion to dismiss. There is no error. Let this be certified to the end that the examination may be had as ordered.

No error.                                         Affirmed.