THE FARMERS NATIONAL BANK et al. v. J. T. BURNS et al.

*Appeal, when Granted—Supplementary Proceedings—Clerk of Superior Court—Interlocutory Orders.*

1. No appeal lies to this Court from an order of the Superior Court directing the Clerk to send up to the next term a transcript of proceedings supplemental to execution had before him.

2. In proceedings supplemental to execution had before the Clerk, he held that the affidavit was sufficient and made the order demanded: *Held,* that an appeal lay *at once* to the Judge as a matter of right, and the Clerk could not allow or disallow it.

This was an appeal from an order of the Superior Court of MOORE County, made at the October Term, 1890, by *Graves, J.*

It appears from the record that on the 28th of September, 1885, the plaintiffs had a judgment against the defendants in the Superior Court of the county of Moore for $1,089.83, &c., and that the same was docketed; that afterwards, on the 26th of June, 1890, they began their proceedings supplementary to the execution against the defendants, and, as to the same, filed the affidavit of their agent, upon which is based their motion before the Court (the Clerk) for an order requiring the defendants to answer, &c., as required by law in such cases. The defendants insisted that the affidavit was in law insufficient, in respects specified, to warrant such order. The Court decided that it was sufficient, and made the order demanded. The defendants excepted, and appealed to the Judge. The Court refused to allow the appeal.

Afterwards, the defendants filed their petition to the Judge of the Court, demanding that the writ of *certiorari* be directed to the Clerk of the Court, commanding him to send to him the papers, judgments and orders in such proceedings before him (the Clerk), acting as and for the Court. At October Term, 1890, of said Court, the Court made its order,

107—30

directing and requiring the Clerk of the Court to "send up to the next term of this Court a complete transcript of the proceedings in supplementary proceedings had before him in this cause." The plaintiffs excepted to this order, and appealed to this Court, assigning as error—

1. That the Court should not have granted a writ of *certiorari* to the defendants at this stage of the proceedings, the defendants not being entitled to appeal from a refusal of the Clerk to dismiss for want of jurisdiction, or for any other cause, and the writ of *certiorari* being substitute for an appeal.

2. The defendants were not entitled to said order upon their petition.

*Mr. A. W. Haywood,* for plaintiffs.
*Mr. John Devereux, Jr.,* for defendants.

MERRIMON, C. J.—after stating the facts: The statute (*The Code,* § 488, par. 1) confers upon the Clerk of the Superior Court, acting for and in the place of the Court, authority to hear and allow or disallow the motion of the plaintiffs for an order requiring the defendants to "appear and answer" concerning their property as therein allowed. The order, when made, was to be treated and to have effect as that of the Court, if no person interested and having notice made objection to the same. But it is expressly provided by the statute (*The Code,* §§ 252–253) that "any party may appeal from any decision of the Clerk of the Superior Court (in cases and matters where he may act as and for the Court) on an issue of law or legal inference, to the Judge, without undertaking; \* \* \* but an appeal can only be taken by a party aggrieved who appeared and moved for, or opposed, the order or judgment appealed from, or who, being entitled to be heard therein, had no notice or opportunity to be heard, which fact may be shown by affidavit or proof." Such appeal certainly lay *at once* from the order complained

of, in this case, because the affidavit objected to on the ground of its insufficiency in law, and the order founded upon it, so far as appears, lay at the foundation of the proceedings supplementary to the execution. Indeed, it appears that the affidavit was essential, because the motion founded upon it was made after the execution was issued, and before it was returned by the Sheriff (*The Code*, § 488, par. 2). It may be that if the defendants' objections had been sustained, the motion of the plaintiffs could not have been granted at all, and the proceedings might have been abandoned. It may be that an appeal to the Judge does not lie *at once* from every decision of the Clerk "on an issue of law or legal inference" objected to by a party, but it certainly does in a case like the present one, when an objection affects the very existence of proceedings. We are clearly of the opinion that the appeal lay.

The Clerk had no authority to allow or disallow the appeal. The complaining party had the right to take it, and to have the same entered. As the Clerk refused to prepare a statement of the case, of his decision, &c., as required in such cases by the statute (*The Code*, § 254), the Court in term, or the Judge at Chambers, might, upon proper application, direct, by simple order, the Clerk—its own officer—to do as the law required him to do.

The plaintiffs appealed from the order of the Court granting the writ of *certiorari* to be directed to the Clerk, commanding him to send to the Judge a transcript of the record of the proceedings, &c. The Court did not examine the decision of the Clerk complained of; that matter was not before it. The purpose of its order was to enable it to review the decision of the Clerk, and correct the error, if any should appear. The order appealed from was not in any proper sense interlocutory—it was merely incidental in the course of the action, and no appeal lay from it at once, or at all. The supposed appeal must, therefore, be dismissed.

It is so ordered. .