### JOSIAH TURNER v. W. W. HOLDEN.

*Judgment—Proceedings Supplementary to Execution—Notice and Service Thereof—Appeal.*

1. An action is not ended by the rendition of a judgment; it remains open for all motions and proceedings for its enforcement, including proceedings supplementary to execution.

2. A judgment debtor is entitled to notice, for such time as the Court shall deem just, of an order requiring time to appear and answer concerning his property which is sought to be subjected to the satisfaction of any judgment against him in a proceeding supplementary to the execution.

3. Such notice may be duly served by leaving a copy thereof at the residence of the debtor with his wife, she being of suitable age and discretion.

4. An appeal, before a final determination of the matter, from an order refusing to dismiss a supplementary proceeding, upon the ground of defective service of notice, is premature.

It appears that the plaintiff had obtained his judgment against the defendant in the Superior Court of Wake County, and that the same was duly docketed; that, afterwards, on the 20th day of April, 1891, the plaintiff began this proceeding, supplementary to the execution, and obtained from the Court (the Clerk) an order requiring the defendant to appear and answer concerning his property, at a time and place specified, as allowed by the statute in such cases. A copy of this order was placed in the hands of the Sheriff of said county to be served upon the defendant. The Sheriff made return thereof as follows:

"Received April 25th, 1891.

Executed by delivering a copy and exhibiting the original of the within order and affidavit to Mrs. L. V. Holden, and also left a copy of order and affidavit with Mrs. L. V. Holden for W. W. Holden, the 29th day of April, 1891, at 4 o'clock P. M.

M. W. PAGE, *Sheriff Wake County,*

By C. M. WALTERS, *Deputy.*"

Sheriff, by leave of Court, made the following amended return :

" Received April 25th, 1891.

Executed by delivering a copy and exhibiting the original of the within order and affidavit to Mrs. L. V. Holden, and also by leaving a copy of order and affidavit with Mrs. L. V. Holden, wife of W. W. Holden, for said W. W. Holden, at his residence in the city of Raleigh, at the hour of 4 o'clock P. M , on the 29th day of April, 1891, the said L. V. Holden being a person of suitable age and discretion with whom to leave such papers.           M. W. PAGE, *Sheriff,*

Per C. M. WALTERS, *D. S."*

The defendant contended that the copy of the order and notice was not properly and duly served upon him, and his counsel contended further that they had the right to appear for the purpose simply of a motion to dismiss the proceeding on the ground that notice had not been served.   They moved that the record be so amended as to show that they appeared and only for such purpose.   The Court (the Clerk) denied this motion, and the defendant appealed to the Judge.   The Clerk refused to certify the record, etc., to the Judge.   Thereupon the defendant applied to the Judge for a writ of *certiorari,* requiring the Clerk to certify the record, etc., to him. The Judge granted the writ, and due return thereof was made.

The Court (the Judge), upon consideration, made its order, whereof the following is a copy :

" This cause coming on to be heard this day before Robert W. Winston, Judge, the plaintiff, represented by John Devereux, Jr., and Chester Turner, and the defendant by Thos. C. Fuller and W. R. Henry, who enter a special appearance in writing, and move to dismiss upon the return of John W. Thompson, C. S. C. of Wake County, to the order to him to certify the record of his proceedings to the Court, and having

been heard upon the argument of counsel for both sides, the defendant's counsel state that they do not appear generally in this action, but specially, in order to move to dismiss the proceedings, and insist that the same ought to be dismissed for the reason that W. W. Holden has not been properly served with process, in that this proceeding to be begun by process, the same should have been read to him in person.

That the Clerk ought to have permitted an amendment of the record, so as to show that the appearance of Messrs. Fuller and Hinsdale, on the 11th of May, 1891, was a special appearance, and not general."

The Court, being of opinion that the notice of this supplemental proceeding had been properly served, and also that the Clerk's finding and ruling that the said attorneys appeared generally on said 11th of May, 1891, was final and conclusive, and that such general appearance cured any defect in serving said process or notice, if such defect ever existed, overruled the motion to dismiss. From which order and ruling the defendant took an appeal to Supreme Court.

*Messrs. John Devereux, Jr.,* and *C. D. Turner,* for plaintiff.
*Mr. J. W. Hinsdale,* for defendant.

MERRIMON, C. J.: The Court had jurisdiction of the defendant by virtue of the service of the summons, the original process, and his appearance in the action. The action was not ended for all purposes when the plaintiff obtained his judgment; it remained, and remains, current for all proper purposes in the enforcement of the judgment by the ordinary execution and other appropriate means, including proceedings supplementary to the execution. The latter are not separate from and independent of the action; they are incident to and part of it; they constitute and are no more than a means allowed by the statute in the action whereby to reach the property of the defendant and enforce satisfaction of the judgment. Hence, they are not begun by original

process, a summons. The statute does not so provide. It (*The Code*, § 488) prescribes that the judgment creditor, "at any time after such return made (return of the ordinary execution), and within three years from the time of issuing the execution, is entitled to an order from the Court to which the execution is returned, or from the Judge thereof, requiring such debtor to appear and answer concerning his property before such Court or Judge, at a time and place specified in the order, within the county to which the execution was issued."

Although the statute does not in terms prescribe that notice of such order shall be given, still its nature, purpose, practice and justice require that notice shall be given for such time as the Court shall deem just. *Weiller* v. *Lawrence*, 81 N. C., 65. Such notice must be so given and served upon the party to be notified, in the way prescribed for giving and serving notices in actions. The statute (*The Code*, § 597) provides that "notices shall be in writing; notices and other papers may be served on the party or his attorney personally, where not otherwise provided in this chapter." One of the methods provided (the same §, ¶ 2) prescribes that "if (service) upon a party, it may be made by leaving the paper at his residence, between the hours of six in the morning and nine in the evening, with some person of suitable age and discretion." Service thus made is sufficient. The Court has jurisdiction in cases like this of the party to the action, and it is deemed sufficient to give him notice in the way prescribed of any motion or proceeding in the action. It is the duty of parties to actions to be on the alert at all times, until the same shall be completely ended. If it should turn out that a party was prejudiced in that he did not actually get the notice, the Court would, in a proper case, afford relief.

In the present case, the order, so far as appears, was regularly granted and the service of notice thereof on the defendant was sufficient. The Court clearly had power to allow

the Sheriff to amend his return, and the return, as amended, shows that the notice to the defendant was served by leaving a copy of the order for him at his residence at the hour specified—that it was left with his wife. She surely was a person of "suitable age and discretion" to deliver the notice to him, her husband, and the inference is that she did so. If he did not, in fact, get the notice, then his remedy is not to move to dismiss the proceeding, but to ask for reasonable time to answer, as the law requires.

As the Court had jurisdiction of the defendant, and the notice had been duly served, the motion of his counsel to be allowed to appear for the purpose of a motion to dismiss the proceeding, was not pertinent, and was properly denied. No question is presented here as to the sufficiency of service of notice upon an attorney.

The Court held properly that the notice had been duly served. This was sufficient; it did not need to further state, as a ground of its order, that "the Clerk's finding and ruling that the said attorneys appeared generally on said 11th of May, 1891, was final and conclusive," etc. The action of the Clerk was not final and conclusive. In a proper case, on appeal to him, it would be the duty of the Court to review the findings of fact by the Clerk and correct his errors of law. He was no more than the servant of the Court, and subject to its supervision in the way prescribed by the statute (*The Code*, § 251, *et seq.;) Bank* v. *Burns,* 107 N. C., 465. The Court (the Judge) did not need to grant the writ of *certiorari* to compel the Clerk to state the case on appeal, as allowed by the statute (*The Code,* § 254); he might have directed the Clerk to do so by mere order.

The plaintiff moved to dismiss the appeal to this Court, and we are of opinion that the motion must be allowed. The order appealed from was incidental, and no more, at most, than interlocutory. To deny the defendant's motion could not seriously prejudice him or impair any substantial right

he might have.   The Court simply decided that he had been duly served with notice, and was before it for pertinent and proper purposes.   If the notice had not been properly served, the Court would simply have directed a reasonable delay of proceedings, or that a new notice issue forthwith to be served within a day specified.   *Weiller* v. *Lawrence, supra.*   Appeals to this Court do not lie from every order in the course of an action.   This has been decided in many cases, and the Court has repeatedly pointed out when an appeal does and does not lie.

Appeal dismissed.   ·