The defendant was ordered to appear before the Clerk and be examined in a supplementary proceeding. He moved to dismiss the proceeding, as another of a like kind and instituted for the same purpose before the Judge was then pending on appeal to this (537) Court. The Clerk refused to dismiss, and the defendant excepted and prayed an appeal, which was also refused. He then obtained an order from Judge Allen to the Clerk requiring him to certify the record to the Superior Court in order that the matter might be reviewed by him as upon appeal, and to stay all action until it could be heard. The record was accordingly certified and the case came on to be heard by JudgeAllen, who was of the opinion that the plea of former proceeding for the same cause pending and undetermined was a valid objection to the examination of the defendant, as full relief could be had in that proceeding. The Judge held that the ruling of the Clerk was erroneous, and ordered that the proceeding be dismissed. The plaintiff excepted, and appealed to this Court. We do not understand why this decision was not correct. If it was not, then it follows that the defendant might be vexed by any number of proceedings of the same kind, when one would fully and completely answer the purpose of the plaintiff. This is not a question as to the competency of testimony or the qualification of a witness, but it involves the right of the Clerk to proceed at all, under the circumstances. The cases relied on by the plaintiff's counsel are not in point. In Brucev. Crabtree, 116 N.C. 528, which is more like this case than any other cited, the appeal was taken not by the defendant Crabtree, but by the witness Hartsfield, who had no interest in the cause. It is true the Judge who delivered the opinion said that the order of the Clerk was interlocutory and not appealable, it not being like a final judgment, citing Clement v. Foster, 99 N.C. 255, which it will be found does not sustain the view expressed by him. There the plaintiff moved for judgment upon the answer, which he alleged was insufficient. The motion was refused, and he appealed. It was properly held that the appeal was premature, because he should have noted his exception and appealed from the final judgment in the case. But there is no final (538) judgment in this proceeding, and no stage of it at which an appeal can be taken, in order to preserve and protect the defendant's rights, unless it is that at which this appeal was taken. When the Clerk was properly informed that a similar proceeding was then pending before the Judge, he should have refused to proceed, and failing so to do, the Judge had the power to order that he desist from further action. If the course suggested by the plaintiff should be pursued, great wrong and oppression might result to the defendant. The other cases cited are equally inapplicable. This case is governed by Bank v. Burns, 107 N.C. 465, *Page 406 
in which an appeal was held to lie to the Judge under circumstances similar to those which appear in this case, and both cases are distinguishable fromTurner v. Holden, 109 N.C. 182, as in that case there was a defect in the process which could be remedied easily by amendment, while in this case and in that of Bank v. Burns, "the objection affects the very existence of the proceedings," as said by Merrimon, C. J., in the latter case. We thinkJudge Allen proceeded regularly, and his ruling meets with our concurrence. It is unnecessary to notice the defendant's second ground of objection to the proceeding which he assigned before the Clerk and afterwards before the Judge.
No Error.
DEFENDANT'S APPEAL.