ROBERT A. COLLIER, EXECUTOR OF THE LAST WILL AND TESTAMENT OF R. W. MILLS, v. ELIZABETH MILLS, EUGENE F. MILLS, MRS. LILLIAN M. RAPE, MILDRED M. EVANS, MARY FRANK W. GILLELAND AND IDA BELL M. WALKER.

(Filed 12 December, 1956.)

**1. Appeal and Error § 3—**

The granting of a petition for writ of *certiorari* to review order of the trial court striking certain allegations of a pleading, in effect grants petitioners the right of immediate appeal, in perfection of which the Rules of Practice in the Supreme Court apply.

**2. Appeal and Error § 16—**

Where *certiorari* is allowed to review order of the trial court striking certain allegations from a pleading, the petition for *certiorari* is in effect an assignment of error directed to the entire order and is sufficient to pre-

sent for review the question whether the lower court was in error in hearing the motion and entering the order thereon.

**3. Wills § 39—**

In an action to obtain construction of a will, the admissibility of evidence as to circumstances attendant when the will was made, to enlighten the court in ascertaining the intent of testator as expressed in the instrument, is to be determined by the court. Therefore, the court should be free to make decision as to the competency of such evidence when offered, unimpeded by any prior rulings striking allegations relating to the circumstances attendant.

**4. Pleadings § 31—**

G.S. 1-153 does not apply to a motion to strike allegations from a pleading which relate solely to questions of fact addressed to the court.

**5. Appeal and Error § 1—**

A matter which has not been ruled upon in the lower court is not presented for decision in the Supreme Court.

JOHNSON, J., not sitting.

ON writ of *certiorari* to review order of *Phillips, J.,* entered at August Term, 1956, of IREDELL.

Action for declaratory judgment brought by executor for construction of the will of R. W. Mills, deceased, and for instructions in the administration of the estate.

Testator, a resident of Iredell County, died 12 January, 1955. His will, executed 24 December, 1949, was duly probated. Plaintiff qualified and is now acting as executor.

The six defendants, children of the testator, are the only legatees and devisees.

A list of property, alleged to be that owned by R. W. Mills at the time of his death, is attached to the complaint. Included therein are these items: (1) "200 shares of Dividend stock in Home Building & Loan Association $20,000.00." (2) "Note of Aaron Baker & wife for $4,200.00 dated Feb. 20, 1951, with interest paid to Dec. 11, 1954." (3) "Note of David Scott, principal balance $60.00 & interest."

Plaintiff alleged that a controversy exists between defendants "as to the disposition of the notes, mortgages and Home Building & Loan stock enumerated in the inventory." (In said list of property, the word "mortgage(s)" does not appear. Presumably, the Baker and Scott notes are secured by mortgages.)

Plaintiff alleged further that the controversy arises from contradictory interpretations placed on the second and fourth items of the will which, in pertinent part, provide:

"ITEM 2: I give, devise and bequeath unto my daughter, Elizabeth Mills in fee simple and forever all of my household and kitchen furni-

ture, my family automobile, all cash, money in bank and bonds that I own at my death, after payment of my funeral expenses and costs of paying my debts and settlement of my estate, and also the house and lot situated on the East side of the Boulevard . . ."

"ITEM 4: My executor, hereinafter named, shall convert all the rest and remainder of my property, real and personal, into cash and I give, devise and bequeath the same when so converted equally, share and share alike unto my six children, Eugene, Elizabeth, Lillian, Mildred, Ida Bell and Mary Frank, to be theirs absolutely and forever. . . ."

A joint answer was filed by defendants Elizabeth Mills, Mildred M. Evans and Ida Bell M. Walker. After admitting plaintiff's allegations of fact, they asserted their contention that the said items in controversy passed to Elizabeth Mills under Item 2. Further answering, "and by way of CROSS ACTION for affirmative relief," they alleged, in eleven numbered paragraphs, facts concerning the testator's relationships to his children, especially defendant Elizabeth Mills, and concerning the testator's property when the will was made and thereafter until his death.

Defendants Eugene F. Mills, Lillian M. Rape and Mary Frank W. Gilleland did not answer. In lieu thereof, they moved to strike paragraphs 3, 4, 5 and 10 from said further answer of their codefendants. They asserted, as the basis for their motion, these grounds: (1) The facts alleged have no legal bearing upon a proper construction of said will; (2) evidence in support of said allegations would be incompetent; (3) movants would be prejudiced if said irrelevant, immaterial and improper allegations were allowed to remain in said further answer.

The hearing before Judge Phillips was on said motion to strike. Allowing the motion, he entered an order on 6 September, 1956, striking paragraph 3, 4, 5 and 10 from said further answer. The answering defendants excepted and gave notice of appeal.

In apt time, the answering defendants filed a petition in this Court for a writ of *certiorari* under Rule 4(a), 242 N.C. 766, for immediate review of said order of 6 September, 1956, which petition was allowed by this Court.

*Raymer & Raymer for defendants Elizabeth Mills, Mildred M. Evans, and Ida Bell M. Walker, appellants.*

*R. A. Hedrick and Adams, Dearman & Winberry for defendants Eugene F. Mills, Mrs. Lillian M. Rape and Mrs. Mary Frank M. Gilleland, appellees.*

BOBBITT, J. When the petition for writ of *certiorari* was allowed, this in effect granted to petitioners the right of immediate appeal from

the order of 6 September, 1956. In perfecting such appeal, Rules of Practice in the Supreme Court, 221 N.C. 544, apply.

The record before us contains no assignment of error. Even so, it shows that exception was taken to the order of 6 September, 1956; and the petition for *certiorari* was in effect an assignment of error directed to the entire order. This suffices to bring before this Court for review the question as to whether the court below was in error in entertaining appellees' motion and in entering an order thereon.

When the cause was before Judge Phillips, the pleadings were incomplete. Appellees had not answered the complaint. The hearing related solely to their motion to strike the designated allegations in appellants' further answer.

The court made no construction or interpretation of the will.

The admissibility of evidence as to "circumstances attendant" when the will was made, to enlighten the court in its task of ascertaining the intent of the testator as expressed in the will, is discussed fully in *Trust Co. v. Wolfe,* 243 N.C. 469, 91 S.E. 2d 246.

The question now presented concerns allegations, not evidence. In this connection, it appears that certain of the alleged facts relate to "circumstances attendant" when the will was made, referring "to the relationships between the testator and the beneficiaries named in the will, and the condition, nature and extent of his property." *Trust Co. v. Wolfe, supra.* However, on this appeal, we do not undertake to mark out which of the alleged facts, if any, are or may be relevant to a proper construction or interpretation of the will.

It is settled that, in the absence of stipulation, "the circumstances attendant" are to be established by findings of fact made by the court on competent evidence presented to it. *Trust Co. v. Wolfe, supra.*

The rules applicable upon consideration of a motion to strike made under G.S. 1-153 are grouped and restated by *Johnson, J.,* in *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660. In the cases cited, the pleadings raised issues of fact for determination by a jury.

Here the situation is different. The challenged allegations, if controverted, raise questions of fact for determination by the court. Issues of fact, for determination by a jury, are not involved.

A party may be prejudiced before a jury when irrelevant and redundant allegations, or allegations of incompetent matters, are read in the hearing of the jury. When challenged allegations are stricken, they are withheld from the ears of the jurors but not from the eyes of the judge. In hearing a motion to strike, the court must read the challenged allegations and consider argument relating thereto; and, whether the motion is allowed or disallowed, the court becomes fully aware of the alleged facts. And when the ultimate question, to wit, the construction or interpretation of the will in the light of the "circumstances

attendant" when the will was made, is presented to another Superior Court judge for decision, he, too, upon his inspection of the court file, becomes fully aware of all alleged facts theretofore stricken.

When the cause comes on for hearing on said ultimate question, the Superior Court judge then presiding should be free to make his own decisions as to what alleged facts, if any, constitute "circumstances attendant" as well as the significance, if any, thereof. He should be free to make such decision, *when evidence of the alleged facts is offered,* unimpeded by prior rulings relating solely to allegations.

After the order of 6 September, 1956, was entered, appellees filed an answer in which they alleged factual matters. If a motion to strike may be entertained, no doubt appellants will address such a motion to designated allegations made by appellees. In such event, before the cause comes on for hearing on said ultimate question, there would be at least two preliminary hearings relating solely to allegations.

A series of hearings before successive Superior Court judges relating solely to allegations, apart from the element of delay, would serve no useful purpose. Reason and experience impel the conclusion that the Superior Court judge who passes on the ultimate question, after all pleadings have been filed, should determine what are relevant "circumstances attendant" and their significance, if any.

We are constrained to hold that the legislative intent expressed in G.S. 1-153 has no application when the challenged allegations relate solely to questions of fact addressed to the court. See: *Gallimore v. Highway Commission,* 241 N.C. 350, 85 S.E. 2d 392; *Woody v. Barnett,* 235 N.C. 73, 68 S.E. 2d 810.

Whether the findings of fact made by the Superior Court judge are based on competent evidence, and whether the facts found have any significant bearing on the proper construction or interpretation of the will, are subject to review by this Court.

Our conclusion is that the motion to strike was improvidently made and that the court was in error in entertaining the motion and in ruling thereon. Hence, the order is vacated and the cause remanded for further proceedings consistent herewith.

Nothing herein should be considered as an intimation of opinion as to the proper construction or interpretation of the will. No ruling thereon has been made by a Superior Court judge and the matter is not before us on this appeal. *Trust Co. v. Wolfe, supra.*

Error and remanded.

JOHNSON, J., not sitting.