**ABEYOUNIS v. TOWN OF WRIGHTSVILLE BEACH**

[102 N.C. App. 341 (1991)]

---

MORRIS E. ABEYOUNIS, JOHN S. CAREY, CHESTER D. COMBS, TERESA G. FOUNTAIN, A. P. KATALINIC, ROBERT DAVID KIDD, MICHAEL B. LASSITER, L. R. NARRAMORE, R. O. PARROTT, HOVIE POPE, KEVIN T. REID, J. N. SMITH, GEORGE A. WESSON, GARY W. ZIBELIN, PLAINTIFFS v. TOWN OF WRIGHTSVILLE BEACH, DEFENDANT

No. 905SC804

(Filed 19 March 1991)

**Retirement Systems § 4 (NCI3d) — contribution to officers' retirement plan — contribution improperly funded from salary increase**

The trial court properly found that defendant town funded the mandatory two percent contribution to police officers' Supplemental Retirement Income Plan from a three and one-half percent pay increase for town employees in violation of N.C.G.S. § 143-166.50, since the statute clearly provided that the employer

and not the employee should fund the contribution, and the town manager's testimony was unequivocal that the Board of Aldermen funded the mandatory two percent contribution from the salary increase.

**Am Jur 2d, Pensions and Retirement Funds § 1608.**

APPEAL by defendant, Town of Wrightsville Beach, from a judgment entered 3 April 1990 at the Civil Superior Court, NEW HANOVER County by *Judge David E. Reid.* Heard in the Court of Appeals 13 February 1991.

*Hewlett & Collins, by John C. Collins, for plaintiff-appellees.*

*Martin, Wessell & Raney, by John C. Wessell, III, for defendant-appellant.*

LEWIS, Judge.

N.C.G.S. § 143-166.50(e) states in part that:

From July 1, 1987 until July 1, 1988, local government employers shall contribute an amount equal to at least two percent of participating local officer's monthly compensation to the Supplemental Retirement Income Plan to be credited to the designated individual accounts of participating local officers; . . .

In 1987 the Town Manager of Wrightsville Beach issued the following Budget Message to the Mayor and Board of Aldermen:

A 3½% increase in the pay plan is recommended for permanent employees in all ranges and steps. . . . In the case of Police Officers the 2% 401(K) contribution which the Town has been mandated by the General Assembly to make on behalf of each officer will come from this 3½% increase. Thus, police officers will see an increase of 1½% in gross take home pay. The balance of the 3½% increase will be directed to a tax deferred 401(K) account.

The Town enacted budget Ordinance No. 1059 (1987), assigning a one and one-half percent raise to the Town police and a three and one-half percent raise to all other employees. Plaintiffs filed a complaint for declaratory judgment on the issue of whether the Town's apparent deduction of the mandated two percent contribution from a three and one-half percent wage increase for Town employees violates N.C.G.S. § 143-166.50. At trial plaintiffs offered

## ABEYOUNIS v. TOWN OF WRIGHTSVILLE BEACH

[102 N.C. App. 341 (1991)]

in evidence an opinion of the Attorney General's office which stated that the mandated two percent contribution may not be taken out of salary or salary increases. The trial court found that the Town had deducted its two percent contribution from the three and one-half percent pay raise and concluded that "payment of the contribution may not be funded from the officer's (sic) own salary or salary increase or a portion thereof."

Defendant appeals on the basis that the court's interpretation of the statute undermines the Town's executive discretionary authority to decide the salary increase of its employees. The Town argues that a statute must be construed strictly and that if the legislature had intended to preclude their practice of deducting the contribution from the officer's salary increase, the statute would have so stated. The Town argues, in the alternative, that the two percent contribution did not come from the officers' salary increase because they never received a three and one-half percent increase. Counsel for both parties acquitted themselves well in preparing for and arguing this case.

A statute is to be construed according to its plain language and need not be constructed where it speaks for itself. *J.F. Nance v. Southern Railway*, 149 N.C. 267, 272, 63 S.E. 116, 118 (1908). Where a statute provides that the municipal employer shall make a contribution of an amount equal to at least two percent of an employee's monthly compensation to the Supplemental Retirement Fund, the language clearly states that the employer and not the employee fund the contribution. N.C.G.S. § 143-166.50. Were the contribution to come from the employees' salary or from a salary increase the employees otherwise would have received, then the employee and not the employer would be funding the contribution, contravening the statute.

The trial court found that the Town funded the mandatory two percent contribution from the salary increase of the officers. Findings of the trial court in an action for declaratory judgment are to be upheld where they are supported by competent evidence. *Collier v. Mills*, 245 N.C. 200, 209, 95 S.E.2d 529, 533 (1956). The Town Manager testified at trial that the Board decided to raise the salary of the police officers one and one-half percent because it adopted his recommendation to deduct the two percent mandatory contribution from the three and one-half percent raise the police otherwise would have received. The court specifically asked the Town Manager the following:

Court: Your statement then is that all Town employees had a 3½ percent increase in comparison, but that for the police officers 2 percent of that increase was directed to the 401(K) plan?

Ans: Yes.

The Town manager's testimony is unequivocal that the Board of Aldermen funded the mandatory two percent contribution from the salary increase. Where it is clear that but for the mandatory two percent contribution the officers would have received the full three and one-half percent raise, which the Town has effectively admitted in its brief ·and at oral argument, reason dictates that the contribution is being funded from the salary increase of the officers. The trial court's finding is supported by competent evidence. *Collier v. Mills*, 245 N.C. 200, 209, 95 S.E.2d 529, 533 (1956). The Town may increase or decrease the salary of the officers according to its own discretion, as long as the Town and not the officers fund the mandatory two percent contribution. Where the contribution is funded from the salary increase of the officers, the Ordinance violates N.C.G.S. § 143-166.50.

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.