[No. 3846. Decided December 3, 1901.]

AUSTIN J. ROBERTS, *Respondent,* v. LEWIS W. CENTER, *Appellant.*

UNLAWFUL DETAINER — EVIDENCE — ABSTRACT OF TITLE — ADMISSIBILITY.

The fact that Bal. Code, § 5150, requires plaintiff in an action of unlawful detainer to incorporate an abstract of title in his complaint would not make a certified abstract admissible in evi-

dence for the purpose of proving title, since Id., § 6046, does not permit public records to be proved by the certificate of any other person than the officer having such record in his possession.

SAME — PLEADING — ADMISSIONS — FAILURE TO DENY ABSTRACT.

The failure of defendant in an action of unlawful detainer to deny the paragraph of the complaint setting up an abstract of plaintiff's title is not an admission of its truth, where the answer denies plaintiff's title or right to possession, since such answer necessarily denies the abstract, which merely shows the chain of title under which plaintiff claims.

SAME — CONFESSION AND AVOIDANCE — BURDEN OF PROOF.

In an action of unlawful detainer where the gist of the pleadings is an assertion of title in plaintiff and an answer of title in the United States, with the defendant in possession as a homesteader, the admission by defendant, that a patent had been issued by the United States to plaintiff's grantor, but that said patent was null and void, would not constitute a plea of confession and avoidance and throw the burden of proof on defendant, since the effect of such answer is merely a denial of plaintiff's title.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM H. H. KEAN, Judge. Reversed.

*George W. Fogg,* for appellant.

*Eric E. Rosling,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was brought under § 5549-5551, Bal. Code. The complaint alleges, in substance, that the plaintiff was the lawful owner of the lands described; that the defendant, without having title or color of title, wrongfully and unlawfully entered upon said premises; that on May 13, 1899, plaintiff caused notice in writing to be served upon defendant, demanding possession of said property, and requiring defendant to remove therefrom; that defendant refused and failed to remove therefrom, although more than three days have

elapsed.    Appended to said complaint, and made a part
thereof, was an abstract of plaintiff's title.    Defendant,
in his answer, denied that plaintiff was the owner of the
lands, or entitled to the possession thereof, or any part
thereof, or had any right thereto; admitted the service of
the notice and refusal to vacate, but made no reference
to the abstract; and as an affirmative defense, among
other things, alleged that the lands described were on
August 1, 1893, public lands of the United States, sub-
ject to homestead entry, and that defendant, being a quali-
fied homesteader under the laws of the United States, on
said date entered said land as such homesteader, and ever
since has occupied and resided thereon and cultivated
the same, claiming the same as a homesteader thereof.
Plaintiff thereupon filed his reply, denying the allegations
of new matter set out in the answer.    The cause came on
regularly for trial before a jury on the issues thus made.
The plaintiff, to sustain his case, offered in evidence an
abstract of title to said premises, certified by the Fidelity-
Security Abstract Company to be a full and complete ab-
stract of all instruments in writing recorded or filed for
record in the office of the county auditor of Pierce county,
Washington.    This abstract was by the court, over de-
fendant's objection, admitted in evidence.    Plaintiff then
introduced a sheriff's deed in foreclosure, connecting plain-
tiff with the last grantee named in said abstract, and, after
offering the notice named in the complaint, rested his case,
whereupon defendant moved the court for a nonsuit against
plaintiff for the reason that there was no legal evidence
that plaintiff was the owner of the property described.
This motion being denied, defendant declined to proceed
further, and judgment was thereupon entered for plain-
tiff.    The defendant appeals.

Subsequent to the entry of the judgment, other questions were raised and argued on this appeal, but it is not necessary to a determination of the case that these questions be now considered. It was manifestly error of the court to allow the abstract to be admitted in evidence to prove title in the plaintiff. There is no rule of law which permits a public record to be proved by the certificate of any other person than the officer having such record in his possession. See § 6046, Bal. Code. The fact that the statute requires an abstract of plaintiff's title to be embodied in the complaint, or appended thereto, does not change the rule in this regard. The defendant by his answer, had denied that plaintiff was the owner of the premises, and had set up facts which, if true, showed that he had a lawful claim to the possession of the premises. It was therefore incumbent upon plaintiff to prove by competent evidence that he was the owner.

Counsel for respondent argues that, because defendant did not deny the abstract of title, it was therefore admitted to be true. If this position is correct, it was not necessary to offer it in evidence. The abstract of title could do no more than show the line of plaintiff's title, and, when the fact that plaintiff was the owner was specifically denied, it was not an admission to fail to deny the abstract, or the paragraph which referred to the abstract as appended to the complaint. The denial that plaintiff was the owner or entitled to the possession necessarily denied the abstract, which simply showed the chain of title by which plaintiff claimed. By the twelfth paragraph in the answer of defendant it is admitted that a patent to the lands in question was issued by the United States to the Tacoma Land Company. This paragraph also alleged that this patent was and is null, void, and of no effect. Respondent now claims that the said answer,

taken as a whole, is one of confession and avoidance, and that therefore the burden of proof was upon defendant. We do not so read the answer. The effect of this paragraph is to deny plaintiff's title. The other parts of the answer stoutly deny that plaintiff has or ever had any title or right of possession. The gist of the pleadings is that by the complaint the title is in plaintiff. By the answer, the title is in the United States, and defendant is in lawful possession. It is therefore the duty of the plaintiff to prove his title by competent proof.

The cause will be reversed and remanded, with instructions to the lower court to grant a new trial. The costs of this appeal in favor of appellant.

REAVIS, C. J., and DUNBAR, FULLERTON, ANDERS, WHITE, and HADLEY, JJ., concur.