[No. 17302.  Department Two.  June 17, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Canal Tire Company, Incorporated, Plaintiff,* v. CALVIN S. HALL, *Judge of the Superior Court for King County, Respondent.*[1]

PROCESS (11)—EXECUTION (95)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR—SERVICE OF ORDER—STATUTES. Notices in supplemental proceedings, being but auxiliary to the main action, are not "process" within the meaning of Rem. Comp. Stat., § 35, requiring process to be directed to and served by the sheriff.

SAME (1)—EXECUTION (90)—SUPPLEMENTARY PROCEEDINGS—STATUTORY PROVISIONS. Rem. Comp. Stat., § 625, providing that service of supplementary proceedings upon a corporation may be made by any person who can serve a summons, must be construed to provide that service may be made upon any person upon whom service of a summons can be made, in view of the context.

PROCESS (13, 14)—EXECUTION (90)—SUPPLEMENTARY PROCEEDINGS—AUTHORITY TO SERVE—CERTIFIED COPIES. Under Rem. Comp. Stat., § 625, subd. 1, providing for service of supplementary proceedings by certified copies, in the absence of other legislative directions, the proper person to certify a copy is the person having possession of the original; in this case, the clerk of the court.

Application filed in the supreme court May 11, 1922, for a writ of mandamus to compel the superior court

[1]Reported in 207 Pac. 685.

for King county, Hall, J., to issue a bench warrant. Denied.

*Henry Clay Agnew,* for relator.

*Spencer Gray* and *Ofell H. Johnson,* for respondent.

Hovey, J. — Relator instituted proceedings supplementary to execution and obtained an order requiring the judgment debtor to appear for examination. The order provided that service might be made by any person competent to serve summons in a civil action, and that the copy of the order might be certified by the attorney of record for the plaintiff. The judgment debtor failing to appear, the attorneys for the creditor moved the respondent judge for a bench warrant, whereupon the attorneys for the judgment debtor objected to the issuance of the warrant upon the ground that the court had acquired no jurisdiction of the person of the defendant by reason of the fact that the order served was not served by the sheriff or any peace officer and was not certified as being a true copy of the original by the clerk of the court. The trial court sustained the objection and refused to issue the warrant. Whereupon the judgment creditor applied to this court for a writ of mandamus. The judgment debtor appears by counsel in this court and renews the objections offered in the trial court.

Respondent contends that the order in question is process as contemplated by § 35, Rem. Compiled Stat., which provides that all process shall be directed to the sheriff and by him served, unless otherwise directed by statute.

We held in *Flood v. Libby,* 38 Wash. 366, 80 Pac. 533, 107 Am. St. 851, that proceedings supplementary to execution are not an independent proceeding but are

merely auxiliary to the original action and a continuation thereof. Our statute (Rem. Compiled Stat., § 613), provides that the order shall run to the sheriff where it is desired to arrest the debtor, but there is no provision in the chapter on this subject directing that the service of the order involved here shall be made in any manner different from any other order of the court in the course of an action.

Respondent contends that the provisions of subd. 2, § 625, Rem. Compiled Stat., which reads as follows:

"Service upon a corporation is sufficient if made upon an officer, to whom a copy of a summons must be delivered. Where a summons is personally served upon a corporation, unless the officer to be served is specially designated in the order, the order may be served by any person who can serve a summons in an action,"

by implication excludes service by any other person than the sheriff, except where service is to be made upon a corporation. We believe that, upon consideration of this section, it will become apparent that the language should not be construed literally as it reads. The provision first provides that service must be made upon the officer named, if one is named, and the concluding words, "may be served by any person who can serve a summons in an action," should read "may be served upon any person upon whom summons can be served," in order to give meaning to the whole section. We are of the opinion that the original order was proper in directing the service to be made by any one who could serve summons.

By subd. 1 of § 625, *supra,* it is provided that service shall be of certified copies. In the absence of other legislative direction, the proper person to certify a copy is the one having possession of the original. 11 C. J. 78; *Roberts v. Center,* 26 Wash. 435, 67 Pac.

151. In this case the custodian was the county clerk, and we think the trial court was right in holding the service bad upon this ground.

The writ will be denied.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.