JOSEPH S. HAMILTON *v.* DELAWARE MOTOR TRADES, INC., an unincorporated Association of Persons Using a Common Name.

*(May 18, 1931.)*

RODNEY, J., sitting.

*Charles F. Richards* for plaintiff.

*John J. Morris, Jr.,* for defendant, upon special appearance.

Superior Court for New Castle County, No. 32, May Term, 1931.

. RODNEY, J., delivering the opinion of the court:

The citation of authorities seems unnecessary to sustain the general rule that, in the absence of an enabling statute, suits could not be maintained for or against an unincorporated association in the association name. 25 *R. C. L.* 72.

The statute quoted in the ·Statement of Facts is such an enabling law as to suits against the association and was originally enacted on February 9th, 1866, as *section* 1, *chapter* 32, *volume* 13, ·*Laws of Delaware.* While the statute provides that suits can be

brought against the individuals composing such unincorporated association by such common name there is not one word of statutory authority regulating the service of the process. The statute authorizes the commencement of the suit and therefore justifies the issuance and maintenance of the writ of summons, but the process to be effective must be legally served or as picturesquely phrased by one authority "it must be brought to the knowledge or attention of the defendant in the manner provided by law for unserved process is as ripened fruit still clinging to the tree." *Bowers on Process & Service*, page 374, § 253.

Does it necessarily follow because no method of service is expressly provided in the statute that therefore no suit can be maintained? *Judge Woolley* in his work on *Delaware Practice, section* 144, says of the act under discussion:

"It has always been a question of doubt as to the method of service under this Statute, as the statute is silent upon the point. It has been intimated by the Court that a service that would be good, if the association were a corporation would likely be good against the association. The point, however, has never come squarely before the Court."

There being no determination of the matter by our own courts one looks in vain to the decisions of other states to find the precise question adjudicated. This is not so remarkable, because, the right of action being statutory, those same statutes which create the right of action almost uniformly provide the method of service.

In *State of Minnesota v. Adams Express Co.*, 66 *Minn.* 271, 68 *N. W.* 1085, 38 *L. R. A.* 225, a service on the officers of the unincorporated defendant was held sufficient. That case was one of mandamus and the form of action being highly prerogative and called—the "flower" of the jurisdiction of the Law Courts (*Knight v. Ferris,* 6 *Houst.* 283, 319) the service of the writ might not be subject to all the limitations applicable to those used in other forms of action. I prefer to base my conclusion upon a consideration of cases bearing a closer analogy to the present one. An unincorporated association of individuals using a common name not distinguishable from a corporate entity, managed by a president and other officers and engaged in a commercial enterprise for profit, bears a striking analogy to a corporation. Only the fact of the incorpora-

tion itself, with its resultant and attendant characteristics, distinguishes one from the other. The distinction is one merely of definition. *Morowetz* suggests that an unincorporated association is a quasi corporation of a private character. 1 *Morowetz on Corp., sec.* 6. I am of the opinion that the resemblance is so close that the answer to the present question of service can be found in those instances of actions against corporations at common law or those arising under statutes where no method of serving the corporation defendant has been expressly provided.

In *Wartrace v. Turnpike Co., 2 Cold. (Tenn.)* 515, it was said that at common law service was made upon the mayor or other head officer of the corporation. See, also, 1 *Tidds Practice,* § 121; *De Wolf v. Mallett, 3 Dana (Ky.)* 214; *People v. Cairo, 50 Ill.* 154; *Thompson on Corporations,* § 3075.

In *Meriwether v. Hamburg Bank, Dud. (S. C.)* 36, service on the president of the bank was held sufficient, and in *Glaize v. S. C. R. Co., 1 Strob. (S. C.)* 70, the regularity of the service on the president of the defendant was not disputed.

In *Kansas City, Ft. S. & M. R. Co. v. Daughtry,* 138 *U. S.* 298, 11 *S. Ct.* 306, 308, 34 *L. Ed.* 963, the court said that at common law the service on a corporation "was made on such head officer * * * as secured knowledge of the process to the corporation," and in *Cloud v. Inhabitants of Pierce City,* 86 *Mo.* 357, it was said that the service was made on the chief officer as the "most visible part of the corporation."

From the foregoing authorities and from a consideration of the principles upon which they are based, I am of the opinion that a sufficient service of a writ in an action against an unincorporated association is obtained by personally serving such writ upon the president of such unincorporated association.

A passing attention should be drawn to the fact that unincorporated associations are made liable to suits by attachment by *section* 4121 *of the Revised Code of* 1915, originally passed April 4, 1911, as *chapter* 267, *vol.* 26, *Laws of Delaware.* An amendment approved April 21, 1919 (*vol.* 30, *Laws of Del., chap.* 227) provides that service of such attachments may be made on any officer, direc-

tor, manager, agent or employee of such unincorporated association. The present suit not being instituted under the attachment statutes no further comment on them is either pertinent or required.

The motion to vacate the return of the sheriff is, therefore, denied.