42 Wn.2d 648 (1953)
257 P.2d 629
GEORGE ARNOLD et al., Respondents,
v.
NATIONAL UNION OF MARINE COOKS & STEWARDS ASSOCIATION, Appellant.[1]
No. 32180.
The Supreme Court of Washington, Department Two.
May 26, 1953.
Walthew, Gershon, Oseran & Warner, John Caughlan, and Siegfried Hesse, for appellant.
Bassett, Geisness & Vance, for respondents.
FINLEY, J.
The National Union of Marine Cooks & Stewards Association, a voluntary association, is appealing from a judgment of the superior court of King county, holding the union in contempt of court for refusal to comply with orders of the court entered in connection with supplemental *649 proceedings instituted in aid of a judgment in the sum of $475,000, previously rendered against the union. The significant facts in this case are as follows:
The respondents, as plaintiffs in the trial court, recovered a judgment totaling $475,000, on September 5, 1951, against the union in the King county superior court, and that lawsuit will be referred to hereinafter as the main action. There appears to be no dispute that jurisdiction of the union, or voluntary association, was properly acquired in the main action by service of summons and complaint upon the union's business agent in Seattle. It should be pointed out here that the union has appealed from the judgment entered in the main action, which appeal is currently being held in abeyance by an order of the supreme court dated May 17, 1952, pending a disposition of the instant case  that is, the appeal of the union from the order holding the union in contempt of court.
The judgment in the main action never having been superseded, the respondents instituted supplemental proceedings on October 19, 1951, to discover assets for the purpose of satisfying the judgment previously rendered in the main action. Upon the basis of affidavit and motion, the trial court issued an order directing the union, its Seattle agent, Charles Nichols, and its acting Seattle agent, Robert Ward, to appear in court for examination, and to produce certain described documents. The persons named in the order were restrained from transferring or secreting union assets. This order and a comparable supplemental order were served on Charles Nichols and Robert Ward. Service on the union was attempted by leaving additional certified copies of the orders with the named individuals, Ward and Nichols. The latter subsequently appeared and testified. They failed to produce the documents specified in the orders. Apparently, the union did not appear.
On December 11, 1951, the trial court ordered the union, Charles Nichols, and Robert Ward to show cause why they should not be held in contempt for failure to produce the specified documents. At a hearing on the return date of *650 the show cause order, January 7, 1952, Nichols and Ward were absolved of the charge of contempt because they were not shown to be the official custodians of the documents. The union was adjudged in contempt of court for its failure to comply with the previous orders served upon it, and was given until January 14, 1952, to purge itself of the contempt. The union appeared specially through its attorneys and moved to quash the purported service of the order requiring it to appear for examination in the supplemental proceeding. This motion to quash service was denied.
At a hearing on February 15, 1952, on an order to show cause why a receiver for the union should not be appointed, the court entered findings and conclusions of law as follows: That counsel for the union admitted jurisdiction had been acquired properly in the main action; that each of the orders to show cause was duly and regularly served upon the union by timely delivery of a certified copy thereof to an agent of the association in King county, Washington, by a person duly authorized to make such service; that the association had assets of $298,000 in government bonds which could be used to satisfy the judgment in the main action; that the bonds were held by the union in its financial offices in San Francisco.
Based on its findings, the trial court appointed a receiver and directed the union to deliver the bonds to the receiver. A certified copy of this order to transfer the bonds to the receiver was delivered to Hugh Bryson, president of the union, in Honolulu. Similarly, a copy of the order was served upon Charles Nichols in Seattle. Upon failure of the union to deliver the bonds, an order was issued, requiring the union to show cause why it should not be held in contempt. This order was served on Charles Nichols in Seattle. A certified copy of the order was delivered to Hugh Bryson in San Francisco. The union did not appear on the return date and was adjudged in contempt for failure to comply with the order to transfer the bonds to the receiver. The union is here appealing from the adjudication of contempt.
*651 At this point, in order to complete the picture regarding this litigation, a cross-reference to our decision in Arnold v. National Union of Marine Cooks & Stewards Ass'n, 41 Wn. (2d) 22, 246 P. (2d) 1107, seems desirable. Therein, a motion to dismiss the union's appeal from the order of contempt on the grounds (a) that the contempt order was not appealable, and (b) that the appeal therefrom was not timely, was denied.
In the appeal as it is now before us, the union (appellant) urges four assignments of error, as follows:
"(1) The court erred in denying appellant's motion to quash.
"(2) The court erred in concluding that it had jurisdiction of the appellant association in supplemental proceedings.
"(3) The court erred in directing a voluntary association to transfer assets to a receiver without having either jurisdiction of such assets, in rem, or jurisdiction of some person in possession of, or with control over, such assets.
"(4) The court erred in adjudging the appellant association to be in contempt."
We find no merit in the union's assignments of error for the reasons hereinafter discussed.
Apparently, there is no dispute whatsoever that jurisdiction of the union was acquired in connection with the main action upon which the supplemental proceedings were based. Admittedly, there is some conflict of authority as to whether supplemental proceedings constitute a continuation of an original action or whether such supplemental proceedings constitute a new and independent action. 3 Freeman on Executions (3d ed.) 2151, § 395; Riddle and Bullard, Supplementary Proceedings, (3d ed.) 14, § II, 33 C.J.S. "Executions" 647, § 345; 39 A.L.R. 1498, Annotation, "Necessity of new process to support proceedings supplementary to execution."
In State ex rel. Canal Tire Co. v. Hall, 120 Wash. 449, 450, 207 Pac. 685, the following language is found:
"We held in Flood v. Libby, 38 Wash. 366, 80 Pac. 533, 107 Am. St. 851, that proceedings supplementary to execution are not an independent proceeding but are merely *652 auxiliary to the original action and a continuation thereof. Our statute (Rem. Compiled Stat., § 613), provides that the order shall run to the sheriff where it is desired to arrest the debtor, but there is no provision in the chapter on this subject directing that the service of the order involved here shall be made in any manner different from any other order of the court in the course of an action."
In Turner v. Holden, 109 N.C. 182, 13 S.E. 731, the defendant entered a special appearance attempting to dismiss supplemental proceedings on the ground there had never been proper service of process. The supreme court of North Carolina rejected defendant's contention, distinguishing between the necessity for service of process and notice, as follows (p. 184):
"The Court had jurisdiction of the defendant by virtue of the service of the summons, the original process, and his appearance in the action. The action was not ended for all purposes when the plaintiff obtained his judgment; it remained, and remains, current for all proper purposes in the enforcement of the judgment by the ordinary execution and other appropriate means, including proceedings supplementary to the execution. The latter are not separate from and independent of the action; they are incident to and part of it; they constitute and are no more than a means allowed by the statute in the action whereby to reach the property of the defendant and enforce satisfaction of the judgment. Hence, they are not begun by original process, a summons ...
"The Court has jurisdiction in cases like this of the party to the action, and it is deemed sufficient to give him notice in the way prescribed of any motion or proceeding in the action. It is the duty of parties to actions to be on the alert at all times, until the same shall be completely ended." (Italics ours.)
[1] We affirm the position consistently adhered to in this jurisdiction that supplemental proceedings are not a new and independent action but are merely a continuation of the original or main action and are auxiliary thereto. Field v. Greiner, 11 Wash. 8, 39 Pac. 259; Flood v. Libby, 38 Wash. 366, 80 Pac. 533; State ex rel. Canal Tire Co. v. Hall, supra; State ex rel. McDowall v. Superior Court, 152 Wash. 323, *653 277 Pac. 850; Junkin v. Anderson, 12 Wn. (2d) 58, 120 P. (2d) 548 and 123 P. (2d) 759.
We will now discuss the contention of the union that supplemental proceedings are statutory in nature and not applicable to a voluntary association. In support of this contention, the union focuses attention upon the word "person," appearing in RCW 6.32.180. It is claimed that the term "person," as used in the cited statute providing for punishment as for contempt for noncompliance with orders in supplemental proceedings, should be narrowly construed; that the term is not applicable to a union or voluntary association.
A casual reference to RCW 6.32.010, the basic statutory provision respecting supplemental proceedings, shows that such proceedings are authorized against "any judgment debtor." We think that the breadth of this language is controlling against any tendency to strictly construe the term "person," as it appears in the above-cited contempt or sanction section of the statutes.
[2] It has long been settled in this state that unions may sue and be sued. Where judgments are recovered by or against unions, they are in no different category than other judgment creditors or judgment debtors in so far as supplemental proceedings may be concerned. Assuming that the term "person" might be narrowly construed, in accordance with the union's contention, it does not follow that the court would be completely without power to enforce orders entered in connection with supplemental proceedings. In connection with a creditor's bill in equity  the legal precursor in numerous jurisdictions of statutes providing for supplemental proceedings  the court would have had power to cite for contempt, irrespective of statutory authority. The same reasoning or analogy is persuasive in the instant case.
[3] Appellant points out that RCW 6.32.130 provides how orders in supplemental proceedings will be served on "persons" and "corporations." Appellant then emphasizes the fact that this section makes no express provision for service of orders in such proceedings where the judgment debtor is a voluntary association. Based upon this, it is *654 contended that the legislature must have intended that voluntary associations were not to be subject to supplementary proceedings.
We cannot agree. Statutes providing for supplemental proceedings are remedial in nature. They are intended to aid in the enforcement of judgments previously obtained to make them effective as a practical matter; or, in other words, to make them worth more than the paper on which they are written. With the remedial purpose of such a statute in mind, the immunity as to unions, contended for here, must rest on more explicit language than that here involved and certainly should not be inferred merely from the fact of a legislative omission in providing for the manner in which orders will be served on voluntary associations. Hamilton v. Delaware Motor Trades, 34 Del. 486, 155 Atl. 595. The legislature has explicitly exempted certain types of property and the property of certain classes of judgment debtors, RCW 6.32.250. If it had been intended that voluntary associations were to be exempt or immune from supplemental proceedings, the legislature would have so provided, explicitly.
[4] Under the circumstances, it must be held that the notice involved in the instant case adequately apprised the appellant of the pending supplemental proceedings. Seyfert v. Edison, 47 N.J.L. 428, 1 Atl. 502; Turner v. Holden, supra.
We think that the union was adequately advised and was given proper notice in connection with the show cause orders of the trial court. The adjudication of contempt is affirmed, and the appeal presently pending in the main action shall be dismissed unless, within fifteen days from the date of the remittitur herein, the appellant union purges itself of the order of contempt, by complying with the trial court's order requiring delivery of the bonds to the receiver.
SCHWELLENBACH, HILL, HAMLEY, and OLSON, JJ., concur.
NOTES
[1] Reported in 257 P. (2d) 629.