# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KITSAP COUNTY, a political subdivision of the State of Washington, | No. 48781-1-II |
| Respondent, | |
| v. | |
| KITSAP RIFLE AND REVOLVER CLUB, a not-for-profit corporation registered in the State of Washington; and JOHN DOES AND JANE ROES I-XX, inclusive, | |
| Appellants. | |
| IN THE MATTER OF NUISANCE AND UNPERMITTED CONDITIONS LOCATED AT One 72-acre parcel identified by Kitsap County Tax Parcel ID No. 362501-4-002-1006 with street address 4900 Seabeck Highway NW, Bremerton, Washington, | UNPUBLISHED OPINION |

WORSWICK, J. — Kitsap Rifle and Revolver Club (Club) appeals the trial court's order on remand enjoining the Club from activities that constituted an impermissible expansion of its nonconforming use without first obtaining a conditional use permit and issuing a permanent injunction requiring the Club to obtain permits for site development activities. The Club argues that the trial court (1) abused its discretion by (a) denying its motion to reopen the trial record and (b) granting Kitsap County's (County) motion to quash discovery; (2) erred in ordering injunctive relief because the terms of the injunction are (a) overbroad and (b) vague; and (3) erred in entering declaratory judgment.

We vacate in part the trial court's injunction prohibiting "commercial, for-profit uses"; the "use of explosive devices including exploding targets"; the "use of high caliber weaponry greater than .30 caliber"; and "practical shooting uses, including organized competitions and practice." We remand the trial court's injunction in part with specific instructions to: fashion a remedy that reflects that the Club's allowance of commercial, for-profit businesses that provide firearms courses to primarily military personnel is an impermissible expansion of the Club's nonconforming use of its shooting range; fashion a remedy that implements its original permanent injunction prohibiting the use of "exploding targets and cannons;" clarify which weapons are prohibited because they create noise levels that constitute an impermissible expansion of the Club's nonconforming use; and clarify whether "practical use" includes only practical shooting practices and competitions or whether practical use includes other conduct. We also reverse in part and remand the trial court's declaratory judgment, but we otherwise affirm the trial court's Order Supplementing Judgment on Remand.[1]

FACTS

I. BACKGROUND

The Club has operated a shooting range in Bremerton since its founding in 1926. In 1993, the Kitsap County Board of Commissioners notified the Club that the County considered the Club's use of the shooting range to be a lawfully established nonconforming use. During and before 1993, the Club operated a rifle and pistol range. Club members and members of the general public used small caliber weapons, and shooting occurred only occasionally and for short

---

[1] Nothing in this opinion restricts the County from proceeding under its new ordinance, Kitsap County Code 10.25.

periods of time. The use of automatic weapons and rapid-fire shooting occurred infrequently. The US Navy had conducted firearms training at the Club on at least one occasion, but for-profit businesses did not conduct training at the range.

Later, the Club's use of the shooting range changed. The shooting range was frequently used for regularly scheduled practical shooting[2] practices and competitions, resulting in loud, rapid-fire shooting for several hours. For-profit businesses began conducting regular self-defense courses and active training exercises for active duty US Navy personnel at the shooting range. The Club also allowed the use of exploding targets and cannons.

The commercial and military use of the Club, use of explosive devices and higher caliber weaponry, and practical shooting practices and competitions increased the noise level of the Club's shooting activities. Shooting sounds became "clearly audible in the down range neighborhoods, and frequently loud, disruptive, pervasive, and long in duration." Clerk's Papers (CP) at 191.

The Club also developed portions of its shooting range without obtaining any type of County permit as required by the County's code. The Club extensively cleared, graded, and excavated wooded areas to create "shooting bays," removed trees and vegetation to create a rifle range, replaced a water course that ran across the rifle range with culverts, extended earthen berms along the rifle range that required excavation and refilling, and cut steep slopes in several locations on the range. CP at 178.

---

[2] In its original order, the trial court defined "practical shooting" as follows: "The Property is frequently used for regularly scheduled practical shooting practices and competitions, which use the shooting bays for rapid-fire shooting in multiple directions." CP at 188.

3

## II. *KITSAP RIFLE*

In 2011, the County filed a complaint for an injunction, declaratory judgment, and nuisance abatement against the Club. The County sought declaratory judgment, declaring that the Club's changes in use of the shooting range were unlawful expansions of the Club's nonconforming use and requested an injunction enjoining the Club from operating its range.

The trial court conducted a lengthy bench trial and entered extensive findings of fact and conclusions of law. The trial court compared the Club's use of the shooting range from when the Club's nonconforming use was established in 1993 to the Club's present use of the range. The trial court concluded:

> The actions by [the Club] of
> (1) expanded hours;
> (2) commercial, for-profit use (including military training);
> (3) increasing the noise levels by allowing explosive devises [sic], higher caliber weaponry greater than [.]30 caliber and practical shooting
> significantly changed, altered, extended and enlarged the existing use.

CP at 193-94. As a result, the trial court concluded that these actions were expansions of use. The trial court also concluded that the Club violated various County code provisions by failing to obtain site development and conditional use permits for its extensive property development work. The trial court determined that the Club's developments of the shooting range were illegal uses of the property.

The trial court then issued a permanent injunction prohibiting the Club from operating its shooting range until it applied for, and the County issued, conditional use permits for the range. The trial court also issued a permanent injunction prohibiting the use of fully automatic firearms,

weaponry greater than .30 caliber, and exploding targets and cannons, and it restricted the Club's operating hours.[3]

The Club appealed the trial court's declaratory judgment and permanent injunctions to this court. *Kitsap County v. Kitsap Rifle & Revolver Club* (*Kitsap Rifle*), 184 Wn. App. 252, 266, 337 P.3d 328 (2014). While *Kitsap Rifle* was pending in this court, a commissioner of this court granted a stay of the trial court's injunction enjoining all shooting range activities on the Club's property. However, this court imposed conditions that prohibited the use of automatic weapons, cannons, and exploding targets at the shooting range.[4]

---

[3] The trial court issued an additional permanent injunction designed to abate the public nuisance conditions on the Club's shooting range. The public nuisance injunction enjoined the Club from the use of: fully automatic firearms, including but not limited to machine guns; rifles greater than .30 caliber; and exploding targets and cannons. The public nuisance injunction also prohibited the Club from operating its shooting range before 9:00 a.m. and after 7:00 p.m. In *Kitsap County v. Kitsap Rifle & Revolver Club* (*Kitsap Rifle*), 184 Wn. App. 252, 302, 337 P.3d 328 (2014), the court determined that the trial court did not abuse its discretion in issuing the public nuisance injunction. The public nuisance injunction is not at issue in this appeal, and nothing in this opinion should be read to mean that the Club is not still enjoined by that injunction.

[4] The commissioner's ruling imposed the following conditions:

> (1) Range safety officers must be present at all time[s] that shooting is occurring. Video recordings must be made while shooting is occurring.
> (2) [The Club] must allow officials from Kitsap County access to the property to monitor compliance with these conditions. It must allow those officials access to the video recordings.
> (3) Shooting must be restricted to between 8:00 A.M. to 8:00 P.M.
> (4) No fully automatic weapons may be fired.
> (5) No cannons may be fired, except on the Fourth of July, and no exploding targets may be used.

CP at 312.

No. 48781-1-II

A.     *Expansions of Use*

In *Kitsap Rifle*, the Club did not assign error to any of the trial court's findings of fact regarding the Club's expansions of its nonconforming use. 184 Wn. App. at 267. As a result, the trial court's unchallenged findings were considered verities on appeal. 184 Wn. App. at 267. The *Kitsap Rifle* court determined that the trial court's unchallenged findings supported its legal conclusions that the Club's commercial and military use of the shooting range and the frequent and drastically increased noise levels were expansions of its nonconforming use. 184 Wn. App. at 273-74.

Additionally, the *Kitsap Rifle* court affirmed the trial court's rulings that the commercial use of the Club and its increased noise levels by allowing explosive devices, higher caliber weaponry, and practical shooting constituted an impermissible expansion of the Club's nonconforming use. 184 Wn. App. at 268. In concluding that the for-profit commercial and military use of the Club was an impermissible expansion, the court reasoned that "using the property to operate a commercial business primarily serving military personnel represented a fundamental change in use and was completely different in kind than using the property as a shooting range for Club members and the general public." 184 Wn. App. at 273.

The *Kitsap Rifle* court also determined that while the types of weapons and shooting patterns currently used at the range did not necessarily involve a different character of use than when the Club's nonconforming use was established in 1993, "the frequent and drastically increased noise levels found to exist at the Club constituted a fundamental change in the use of the property." 184 Wn. App. at 274. Therefore, the court held that the increased noise levels were an impermissible expansion of the Club's nonconforming use. 184 Wn. App. at 274.

6

Further, the court reversed the trial court's ruling that the Club's expansion of its operating hours constituted an impermissible expansion of its nonconforming use. 184 Wn. App. at 303. The *Kitsap Rifle* court reasoned that the Club's expansion of its operating hours constituted a permissible intensification of its nonconforming use because "increased hours of shooting range activities here do not effect a 'fundamental change' in the use and do not involve a use 'different in kind' than the nonconforming use." 184 Wn. App. at 273 (quoting *Keller v. City of Bellingham*, 92 Wn.2d 726, 731, 600 P.2d 1276 (1979)).

B.      *Permit Violations*

The *Kitsap Rifle* court noted that the Club did not deny that it had violated several provisions of the County's code by grading, excavating, and filling the land. 184 Wn. App. at 275. These violations of the County's code were unlawful uses of the Club's property. *See* 184 Wn. App. at 275. As a result, there was "no dispute that the Club's unpermitted development work on the property constituted unlawful uses." 184 Wn. App. at 275.

C.      *Remedies*

The *Kitsap Rifle* court vacated the trial court's injunction prohibiting the Club from operating as a shooting range, holding that termination of the Club's nonconforming use status was improper. 184 Wn. App. at 303. The *Kitsap Rifle* court reasoned that the Club's use of the shooting range remained lawful. 184 Wn. App. at 300-01. As a result, the Club's unlawful expansion of its nonconforming use did not "trigger termination of the otherwise lawful nonconforming use." 184 Wn. App. at 298.

Instead, the *Kitsap Rifle* court instructed that "the appropriate remedy involves specifically addressing the impermissible expansion of the Club's nonconforming use and

7

unpermitted development activities while allowing the Club to operate as a shooting range." 184 Wn. App. at 262. Accordingly, the trial court's remedy on remand must reflect that "some change in use—'intensification'—is allowed and only 'expansion' is unlawful." 184 Wn. App. at 301. The court also noted that the County's code provided the appropriate remedy for the Club's permitting violations. 184 Wn. App. at 301.

### III. REMAND

After this court remanded *Kitsap Rifle*, the Club served the County with interrogatories, and the County filed a motion to quash discovery. At a hearing on the County's motion to quash discovery, the trial court determined that discovery was not appropriate. The trial court reasoned that there was no need for discovery unless the record was reopened and that additional evidence was not needed to give effect to this court's instructions in *Kitsap Rifle*. Accordingly, the trial court granted the County's motion to quash discovery.

The Club also filed a motion to reopen the record. The Club sought to introduce evidence of the Club's operations during this court's stay order in *Kitsap Rifle*, including a study of the shooting range's noise levels during the stay. The Club argued that this evidence was necessary for the trial court to fashion a proper remedy on remand and for the trial court to resolve this court's factual questions in *Kitsap Rifle*. The trial court denied the Club's motion to reopen the record, stating that it "[did] not believe the Court of Appeals anticipated reopening the record" and that additional evidence was not necessary to determine the proper remedy for the Club's expansions of its nonconforming use. 2 Verbatim Report of Proceedings (VRP) at 45.

Later, the Club and the County presented argument regarding the proper remedy for the Club's expansions of its nonconforming use. The County proposed that the trial court enter an

amended judgment that incorporated its prior orders. The Club objected to an amended judgment and argued instead that the trial court should enter a supplemental judgment without incorporating or attaching documents from *Kitsap Rifle*.

The trial court entered an order supplementing judgment on remand. In its supplemental judgment, the trial court issued a declaratory judgment, declaring that

> activities and uses of the Property consisting of military training uses; commercial, for-profit uses; and uses increasing noise levels by allowing explosive devices, higher caliber weaponry greater than .30 caliber and practical shooting, each constitute unlawful expansions of and changes to the nonconforming use of the Property as a shooting range.

CP at 1341.

In addition, the trial court issued a permanent injunction prohibiting the Club from commercial, for-profit uses; military training uses; the use of explosive devices, including exploding targets; the use of high caliber weaponry greater than .30 caliber; and practical shooting and uses, including organized competitions and practice sessions. The trial court determined that each of these uses constituted an impermissible expansion of the Club's use of the shooting range and should be enjoined until the County issues the Club a conditional use permit that specifically authorizes the expanded use. The trial court issued an additional permanent injunction, requiring the Club to "apply for and obtain site development activity permitting to cure violations of KCC [(Kitsap County Code)] Titles 12 and 19 found to exist on the Property in the original Judgment." CP at 1342. The Club appeals.

ANALYSIS[5]

I. REOPENING THE RECORD & DISCOVERY

The Club argues that the trial court abused its discretion by (a) denying its motion to reopen the trial record on remand and (b) granting the County's motion to quash discovery. We disagree.

A.      *Motion To Reopen the Record*

The Club argues that the trial court abused its discretion by denying its motion to reopen the trial record on remand because the Club sought to admit additional, relevant evidence that was not reasonably available at the time of trial. We disagree.

We review the trial court's refusal to reopen the record for a manifest abuse of discretion. *Sweeny v. Sweeny*, 52 Wn.2d 337, 339, 324 P.2d 1096 (1958). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Hundtofte v. Encarnación*, 181 Wn.2d 1, 6, 330 P.3d 168 (2014). In determining whether to grant a party's motion to reopen the record, the trial court should consider whether the evidence is relevant to a material issue, is newly discovered, or could not have been offered at a reasonable time. 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 30.23, at 244 (2d ed. 2009). Evidence is relevant if it tends to make the existence of a fact that is

---

[5] As an initial matter, the County argues that we should not consider the Club's references to the "'Declaration of M. Carter in Support of Mot. to Stay'" because the declaration is outside the trial court's record. Br. of Resp't at 4. We do not review matters outside the record on appeal. *See City of Sumner v. Walsh*, 148 Wn.2d 490, 495, 61 P.3d 1111 (2003). "[A] record on appeal may not be supplemented by material which has not been included in the trial court record." *Snedigar v. Hodderssen*, 114 Wn.2d 153, 164, 786 P.2d 781 (1990). Because the declaration at issue is not part of the trial court record, we do not consider it.

of consequence to the determination of the action more or less probable than it would be without the evidence. ER 401.

While *Kitsap Rifle* was pending in this court, this court stayed the trial court's order enjoining the Club from operating its shooting range but imposed certain conditions prohibiting the use of automatic weapons, cannons, and exploding targets. This court then decided *Kitsap Rifle*, holding that the Club's commercial and military use of the shooting range and the frequently and dramatically increased noise levels on the range constituted unlawful expansions of its nonconforming use. 184 Wn. App. at 273-74. The *Kitsap Rifle* court vacated the trial court's injunction precluding the Club from operating as a shooting range and remanded the case to the trial court to "fashion an appropriate remedy for the Club's unlawful expansion of its nonconforming use." 184 Wn. App. at 262.

In the Club's motion to reopen the record before the trial court, the Club sought to introduce evidence of its operations during this court's stay order, including a sound study conducted during the stay period. The trial court denied the Club's motion to reopen the record, determining that additional evidence was not necessary to fashion a proper remedy on remand.

The Club argues that its sound study was newly available evidence that would have shown that the Club had abated the increased noise levels on its shooting range. The Club argues that because it abated the impermissible expansion of its nonconforming use, injunctive relief was no longer necessary on remand. The Club's argument is unpersuasive.

The Club's sound study, and other proposed evidence, was obtained after trial, and it could not have been offered at a reasonable time during trial. But this fact alone does not mandate reopening the record.

11

The issue before the trial court on remand involved only the proper remedy for the Club's impermissible expansions of use. The *Kitsap Rifle* court did not say or suggest that factual questions remained on remand or that additional evidence was necessary to fashion an appropriate remedy. Whether the behavior of the Club, which was mandated by this court's interim order, was necessary or relevant was within the trial court's discretion. It is a reasonable conclusion that any change in the Club's use of the shooting range after trial did not make the fact that the Club had impermissibly expanded its nonconforming use, necessitating an appropriate remedy, any more or less probable.

Accordingly, the trial court's decision to deny the Club's motion to reopen the record on remand was based on tenable grounds and reasons. Therefore, the trial court did not manifestly abuse its discretion.

The Club also argues that the trial court violated the law of the case doctrine under RAP 2.5(c) because the *Kitsap Rifle* court's holdings required that the trial court reopen the record on remand and allow discovery. We disagree.

The law of the case doctrine is codified in RAP 2.5(c). *Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 56, 366 P.3d 1246 (2015), *review denied*, 185 Wn.2d 1038 (2016). This doctrine stands for the proposition that "once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation." *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005).

The *Kitsap Rifle* court affirmed the trial court's holdings that the Club's commercial use of its shooting range and dramatically increased noise levels were impermissible expansions of its nonconforming use. 184 Wn. App. at 261-62. The court ordered remand only "for the trial

court to fashion an appropriate remedy for the Club's unlawful expansion of its nonconforming use." 184 Wn. App. at 262. The *Kitsap Rifle* court did not address whether the record must be reopened on remand or whether the trial court must allow discovery.

While the Club cites the law of the case doctrine, it does not provide authority to support its contention that a trial court must reopen the record on remand absent direct instructions to do so. The *Kitsap Rifle* court did not hold that the trial court must reopen the record or allow discovery on remand. Because the trial court did not violate the *Kitsap Rifle* court's holdings on remand by denying the Club's motion to reopen the record, the trial court did not violate the law of the case doctrine. Thus, the Club's argument fails.

B.      *Motion To Quash Discovery*

The Club also argues that the trial court abused its discretion by granting the County's motion to quash discovery because the Club was entitled to present evidence relevant to the factual questions raised on remand. We disagree.

We generally review a trial court's discovery order for an abuse of discretion. *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 423, 138 P.3d 1053 (2006). The trial court is afforded broad discretion to manage the discovery process. *Nakata v. Blue Bird, Inc.*, 146 Wn. App. 267, 277, 191 P.3d 900 (2008). We reverse a trial court's discovery ruling "only 'on a clear showing' that the court's exercise of discretion was 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *T.S.*, 157 Wn.2d at 423 (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

After this court ordered remand in *Kitsap Rifle*, the Club served the County with interrogatories. The County then filed a motion to quash discovery, which the trial court granted

after concluding that discovery was not appropriate because the record would not be reopened on remand.

As discussed above, the *Kitsap Rifle* court affirmed the trial court's findings and conclusions that the Club's commercial use of its shooting range and the increased noise levels on the shooting range constituted an impermissible expansion of its nonconforming use. 184 Wn. App. at 273-74. The appellate court ordered remand for the trial court only to "fashion an appropriate remedy for the Club's unlawful expansion of its nonconforming use." 184 Wn. App. at 262. Accordingly, the *Kitsap Rifle* court did not remand any factual questions for the trial court to consider, and the trial court determined that additional evidence was not necessary to fashion an appropriate remedy for the Club's impermissible expansions of use. The Club fails to provide a clear showing that the trial court's decision granting the County's motion to quash discovery was based on untenable grounds or untenable reasons. Accordingly, the trial court did not abuse its discretion.

## II. FORM & SCOPE OF THE INJUNCTION

The Club argues that the trial court erred in entering a permanent injunction enjoining (a) the Club's expansions of its nonconforming use and (b) site development activities because the terms of the injunctions are overbroad, vague, and prohibit the Club from engaging in the lawful use of its property. We agree in part, and we vacate in part and remand in part the trial court's injunction prohibiting "[c]ommercial, for-profit uses"; the "[u]se of explosive devices including exploding targets"; the "[u]se of high caliber weaponry greater than .30 caliber"; and "[p]ractical shooting, uses, including organized competitions and practice." CP at 1341.

14

A.    *Legal Principles*

We review a trial court's decision to grant an injunction, and the terms of that injunction, for an abuse of discretion. *Nw. Props. Brokers Network, Inc. v. Early Dawn Estates Homeowner's Ass'n*, 173 Wn. App. 778, 789, 295 P.3d 314 (2013). A trial court abuses its discretion when its decision is based on untenable grounds or is manifestly unreasonable. *Atwood v. Shanks*, 91 Wn. App. 404, 409, 958 P.2d 332 (1998). "Trial courts have broad discretionary power to fashion injunctive relief to fit the particular circumstances of the case before it," and we give the trial court's exercise of discretion great weight. *Hoover v. Warner*, 189 Wn. App. 509, 528, 358 P.3d 1174 (2015); *see Atwood*, 91 Wn. App. at 408-09.

CR 65(d) sets forth the form and scope of an injunction and provides that "[e]very order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Because Federal Rule of Civil Procedure 65(d) is identical to CR 65(d), we may look to cases interpreting the federal rule for guidance. *All Star Gas, Inc. of Washington v. Bechard*, 100 Wn. App. 732, 736-37, 998 P.2d 367 (2000).

Federal Rule 65(d) "'was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood.'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1087 (9th Cir. 2004) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476, 94 S. Ct. 713, 38 L. Ed. 2d 661 (1974)). As a result, Rule 65(d) requires that the language of an injunction be reasonably clear so that an ordinary person will know precisely what action is prohibited. *United States v. Holtzman*, 762 F.2d 720, 726 (9th Cir. 1985). Injunctions do not violate the requirements of

Rule 65(d) "unless they are so vague that they have no reasonably specific meaning." 762 F.2d at 726.

The scope of an injunction is decided on the facts of each case at the trial court's discretion. *King v. Riveland*, 125 Wn.2d 500, 515, 886 P.2d 160 (1994). The injunction "must be tailored to remedy the specific harms shown rather than to enjoin all possible breaches of the law." *Kitsap County v. Kev, Inc.*, 106 Wn.2d 135, 143, 720 P.2d 818 (1986). As a result, the trial court may not issue a more comprehensive injunction than is necessary to remedy proven abuses. *Whatcom County v. Kane*, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981).

B.     *Injunction Enjoining Expansions of Use*

The Club argues that the trial court erred in entering a permanent injunction enjoining the expansions of its nonconforming use because the terms of the injunction are overbroad, vague, and prohibit the Club from engaging in the lawful use of its property. Specifically, the Club argues that the trial court erred in enjoining (1) commercial, for-profit uses; (2) military training uses; (3) use of explosive devices, including exploding targets; (4) use of high caliber weaponry greater than .30 caliber; and practical shooting and uses, including competitions and practice sessions. We agree in part and discuss each argument in turn.

1. Commercial, For-Profit Uses

The Club argues that the trial court's injunction enjoining "commercial, for-profit uses" is overbroad and is not narrowly tailored. We agree. Accordingly, we vacate this term of the injunction and remand with specific instructions to the trial court to fashion a remedy that reflects, consistent with this court's opinion in *Kitsap Rifle,* that the Club's operation of commercial, for-profit businesses that provide firearms courses to primarily military personnel is

16

an impermissible expansion of the Club's nonconforming use, not all commercial, for-profit uses.

In its original order, the trial court found that three different commercial, for-profit companies conducted regular self-defense courses and active training exercises for active duty military personnel at the Club's shooting range. When the Club's nonconforming use was established in 1993, commercial, for-profit businesses did not conduct firearms training at the range. The trial court concluded that the Club's use of the shooting range to operate commercial businesses primarily serving military personnel constituted an expansion of the Club's nonconforming use.

In *Kitsap Rifle*, the court determined that the operation of commercial, for-profit businesses that provided firearms courses at the Club's shooting range was an impermissible expansion of use. 184 Wn. App. at 273-74. The *Kitsap Rifle* court reasoned that the operation of commercial, for-profit businesses that conducted firearms training serving primarily military personnel was a fundamental change in the Club's use of its shooting range and was different in kind from the Club's operations at the time its nonconforming use was established. 184 Wn. App. at 273. On remand, the trial court entered a supplemental judgment that included an injunction prohibiting "[c]ommercial, for-profit uses" of the Club's shooting range. CP at 1341.

The injunction's prohibition of "commercial, for-profit uses" is not reasonably clear and is not tailored to remedy the Club's impermissible expansion of use by permitting the commercial and military use of its shooting range, as acknowledged in *Kitsap Rifle*. The trial court found that multiple commercial, for-profit companies conducted firearms training courses at the Club's shooting range. The *Kitsap Rifle* court determined that the commercial, for-profit

17

operation of these firearms training courses was a fundamental change in the Club's use of its range and that this fundamental change constituted an impermissible expansion of the Club's nonconforming use. In its supplemental order, the trial court enjoined "commercial, for-profit uses," but this term appears to prohibit all commercial, for-profit operations at the Club's shooting range. Further, the trial court's injunction is not limited to only commercial, for-profit businesses that provide firearms training primarily for military personnel. As a result, this term of the trial court's injunction is more comprehensive than necessary to remedy the Club's expansions of its nonconforming use.

Accordingly, the trial court abused its discretion in enjoining "commercial, for-profit uses." Thus, we vacate this term and remand with specific instructions to the trial court to fashion a remedy that reflects that the Club's operation of commercial, for-profit businesses that provide firearms courses to primarily military personnel is an impermissible expansion of the Club's nonconforming use of its shooting range.

2. Military Training Uses

The Club also argues that the trial court's injunction enjoining "military training uses" is overbroad and vague. We disagree.

The trial court found that the US Navy had conducted firearm exercises at the Club's shooting range on at least one occasion prior to 1993. The trial court also found that after 1993, multiple commercial, for-profit businesses conducted firearms training for military personnel and that US Navy personnel had performed firearm exercises. In its original order, the trial court concluded that the Club's military training uses were an impermissible expansion of its nonconforming use.

The *Kitsap Rifle* court determined that the commercial, for-profit operation of firearms training courses primarily serving military personnel was a fundamental change in the Club's use of its range and that this fundamental change constituted an impermissible expansion of the Club's nonconforming use. 184 Wn. App. at 273-74. On remand, the trial court entered an injunction enjoining "[m]ilitary training uses" of the Club's shooting range because it constituted an impermissible expansion of the Club's nonconforming use. CP at 1341.

The trial court's original order made clear that military exercises and firearms training were impermissible expansions of the Club's nonconforming use. The *Kitsap Rifle* court agreed that for-profit firearms training that primarily served military personnel was a fundamental change in the Club's use of its shooting range and that this use was an impermissible expansion of use. 184 Wn. App. at 273-74. As a result, the trial court's injunction enjoining "military training uses" is tailored to remedy the Club's impermissible expansions of its nonconforming use. Moreover, reading the trial court's original order and supplemental order together,[6] the trial court's injunction is specific in terms, and it is reasonably clear that operating military training is prohibited. Therefore, the trial court did not err in enjoining the Club from "military training uses."

3. Use of Explosive Devises

The Club also argues that the trial court's injunction enjoining the "use of explosive devices including exploding targets" is overbroad and vague. We agree. Thus, we vacate this

---

[6] To the extent that the Club argues that we cannot review the trial court's original order and its supplemental order together, we disagree. The supplemental order is a continuation of the trial court's original order. *See Arnold v. Nat'l Union of Marine Cooks & Stewards Ass'n*, 42 Wn.2d 648, 652, 257 P.2d 629 (1953) ("[S]upplemental proceedings are not a new and independent action but are merely a continuation of the original or main action and are auxiliary thereto.").

19

term of the injunction and remand with specific instructions to the trial court to clarify which explosive devices were found to create an impermissible expansion of the Club's nonconforming use.

In its original order, the trial court found that the Club allowed the use of exploding targets and cannons that increased the shooting range's sound levels and caused nearby homes to shake. The trial court also found that exploding targets and cannons were not commonly used by the Club when its nonconforming use was established in 1993 and concluded that their use constituted an impermissible expansion of use. The trial court's original permanent injunction prohibited the use of "exploding targets and cannons." CP at 203.

In *Kitsap Rifle*, the court held that "the frequent and drastically increased noise levels found to exist at the Club constituted a fundamental change in the use of the property." 184 Wn. App. at 274. As a result, the court concluded that the increased noise levels created, in part, by the Club's use of exploding targets and cannons were an expansion of the Club's nonconforming use. *See* 184 Wn. App. at 274. On remand, the trial court entered a supplemental judgment and enjoined the Club from the "[u]se of explosive devices including exploding targets." CP at 1341.

The trial court's injunction prohibiting the use of "explosive devices" is overbroad and prohibits more than necessary to remedy the increased noise levels at the shooting range. In its broadest terms, this would include a bullet because it is an explosive device. In its original order, the trial court found only that the use of exploding targets and cannons at the Club created loud booming noises and shook nearby homes. The *Kitsap Rifle* court agreed that the use of exploding targets and cannons contributed to the Club's drastically increased noise levels. The trial court's all or nothing prohibition of all explosive devices is too broad to remedy the noise

20

expansion created by the use of exploding targets and cannons. As a result, the trial court's prohibition of all explosive devices is more comprehensive than necessary to remedy the Club's impermissible expansions of use.

Therefore, the trial court abused its discretion in entering an injunction enjoining the "use of explosive devices including exploding targets." Accordingly, we vacate this term of the injunction and remand with specific instructions to the trial court to fashion a remedy that implements its original permanent injunction prohibiting the use of "exploding targets and cannons."

4. Use of High Caliber Weaponry

The Club also argues that the trial court erred in entering an injunction prohibiting the "use of high caliber weaponry greater than .30 caliber" because the term is overbroad and not properly tailored. We agree. Accordingly, we vacate this term of the injunction and remand to the trial court with specific instructions to clarify which weapons are prohibited because they create noise levels that constitute an impermissible expansion of the Club's nonconforming use.

In its original order, the trial court found that fully automatic weapons were regularly used more recently at the Club and that rapid-fire shooting occurred frequently. The trial court also found that the "[u]se of fully automatic weapons, and constant firing of semiautomatic weapons led several witnesses to describe their everyday lives as being exposed to the 'sounds of war.'" CP at 191. The trial court's original permanent injunction prohibited the use of "rifles of greater than nominal .30 caliber." CP at 203.

The *Kitsap Rifle* court held that the noise created by the use of fully and semiautomatic weapons created an impermissible noise expansion because it contributed to the shooting range's

21

dramatically increased noise levels. 184 Wn. App. at 274. On remand, the trial court entered an injunction that prohibited the "[u]se of high caliber weaponry greater than .30 caliber." CP at 1341.

Although the weapon's caliber may factor into the trial court's determination that certain activities constitute a nonconforming use, the term of the trial court's language enjoining the use of high caliber weaponry is overbroad. The trial court's original order determined that automatic weapons and rapid-fire shooting led to the Club's impermissible noise expansion. The permanent injunction at issue appears to restrict all weapons that are greater than .30 caliber, such as pistols and shotguns. However, the trial court did not make any findings regarding increased noise levels by high caliber weapons other than fully and semiautomatic weapons.

Moreover, the *Kitsap Rifle* court held that, on remand, the trial court's remedy must reflect that only expansion is unlawful. 184 Wn. App. at 301. In its original order, the trial court found that activities including higher caliber weaponry had caused "an increase in the noise level emanating from the Club in the past five to six years." CP at 192. The trial court's injunction prohibits weapons that were not found to constitute an impermissible expansion of use. As a result, the trial court's injunction is overbroad and is not tailored to remedy the Club's impermissible noise expansion. The trial court's remedy must reflect that only the more recent increases in noise levels constitute an expansion of use.

Accordingly, the trial court abused its discretion and violated CR 65(d) by enjoining the "use of high caliber weaponry greater than .30 caliber." Thus, we vacate this term of the injunction and remand to the trial court with specific instructions to clarify which weapons are

22

prohibited because they create noise levels that constitute an impermissible expansion of the Club's nonconforming use.

5. Practical Shooting

The Club also argues that the trial court erred in entering an injunction prohibiting "[p]ractical shooting, uses, including organized competitions and practice" because the term is not reasonably clear. Br. of Appellant at 48 [(quoting CP at 1341)].We agree. As a result, we vacate this term of the injunction and remand to the trial court with specific instructions to clarify whether "practical use" includes only practical shooting practices and competitions or whether practical use includes other conduct.

The trial court found in its original order that the Club's shooting range was frequently used for regular practical shooting practices and competitions. The trial court also found that the practical shooting practices and competitions resulted in rapid-fire shooting for a number of hours. The *Kitsap Rifle* court affirmed the trial court's conclusion that the Club's practical shooting practices and competitions increased the shooting range's noise levels and created an impermissible expansion of the Club's nonconforming use. 184 Wn. App. at 274. On remand, the trial court entered an injunction enjoining "[p]ractical shooting, uses, including organized competitions and practice." CP at 1341.

The injunction's prohibition of "practical shooting, uses, including organized competitions and practice" is not reasonably clear. The trial court's original order finds only that "regularly scheduled practical shooting practices and competitions" contributed to the increase in noise levels on the Club's shooting range. CP at 188. Reading the trial court's supplemental order and original order together, the trial court appears to prohibit more than only regularly

scheduled practical shooting practices and competitions.  In its original order, the trial court found that activities including practical shooting competitions had caused "an increase in the noise level emanating from the Club in the past five to six years."  CP at 192.  The trial court's remedy must reflect that only the more recent increases in noise levels constitute an expansion of use.

Moreover, it is unclear what constitutes practical shooting uses, other than practical shooting practices and competitions, and what practical shooting uses are prohibited.  Because the injunction's prohibition of practical shooting is not so reasonably clear that an ordinary person would know precisely what action is prohibited, it is so vague that is has no reasonably specific meaning.  As a result, that term violates the specificity requirements in CR 65(d).

Consequently, the trial court abused its discretion in enjoining "practical shooting, uses, including organized competitions and practice."  Accordingly, we vacate this term and remand to the trial court with specific instructions to clarify whether "practical use" includes only practical shooting practices and competitions or whether practical use includes other conduct.[7]

C.      *Injunction Enjoining Site Development*

The Club also argues that the trial court erred in entering a permanent injunction enjoining site development activities at the shooting range because the terms of the injunction are vague.  Specifically, the Club argues that the terms of the injunction are vague because the

---

[7] The trial court's remedy may impose limitations on the frequency and duration of practical shooting events to reflect that the more recent increases in noise levels from the Club's practical shooting competitions constituted an impermissible expansion of use.

injunction references an outside document, the court's original order, for meaning. We find the Club's argument unpersuasive.

On remand, the trial court issued an additional injunction that required the Club to "apply for and obtain site development activity permitting to cure violations of KCC Titles 12 and 19 found to exist on the Property in the original Judgment." CP at 1342. While CR 65(d) states that an injunction should not "reference to the complaint or other document, the act or acts sought to be restrained," we do not consider the trial court's original order to be a separate document under CR 65(d). The trial court's supplemental order on remand explicitly supplemented the trial court's original order. As a result, the supplemental order is a continuation of the trial court's original order. *See Arnold v. Nat'l Union of Marine Cooks & Stewards Ass'n*, 42 Wn.2d 648, 652, 257 P.2d 629 (1953) ("[S]upplemental proceedings are not a new and independent action but are merely a continuation of the original or main action and are auxiliary thereto."). Thus, the Club's argument fails.

## III. DECLARATORY JUDGMENT

The Club also argues that the trial court erred in entering declaratory judgment because its legal conclusions regarding which actions were an expansion of the Club's nonconforming use conflict with this court's holdings in *Kitsap Rifle*. We disagree with the Club's argument but nonetheless reverse and remand the trial court's declaratory judgment in part.

In reviewing a declaratory judgment, we review whether the trial court's findings of fact are supported by substantial evidence and, if so, whether the findings support the trial court's conclusions of law. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 879-80, 73 P.3d

369 (2003). Unchallenged findings of fact are verities on appeal. *Buck Mountain Owners' Ass'n v. Prestwich*, 174 Wn. App. 702, 714, 308 P.3d 644 (2013).

As discussed above, the law of the case doctrine binds this court to the prior appeal's holdings. *Humphrey Indus., Ltd. v. Clay St. Assocs.*, 176 Wn.2d 662, 669, 295 P.3d 231 (2013). Questions that were decided by the prior appellate decision, or that could have been decided if they had been raised on appeal, "'will not again be considered on a subsequent appeal if there is no substantial change in the evidence.'" *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988) (quoting *Adamson v. Traylor*, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)).

In *Kitsap Rifle*, the Club did not assign error to any of the trial court's findings of fact regarding the Club's expansions of its nonconforming use. 184 Wn. App. at 267. As a result, the trial court's unchallenged findings were considered verities on appeal. 184 Wn. App. at 267. The *Kitsap Rifle* court determined that the trial court's unchallenged findings supported its legal conclusions that the Club's commercial and military use of the shooting range and the frequent and drastically increased noise levels were expansions of its nonconforming use. 184 Wn. App. at 273-74. Accordingly, the *Kitsap Rifle* court affirmed the trial court's rulings that the commercial use and increased noise levels were impermissible expansions of use. 184 Wn. App. at 261-62.

On remand, the trial court granted Kitsap County a declaratory judgment, declaring that the Club's "military training uses; commercial, for-profit uses; and uses increasing noise levels by allowing explosive devices, higher caliber weaponry greater than .30 caliber and practical shooting, each constitute unlawful expansions of and changes to the nonconforming use of the . . . shooting range." CP at 1341.

The *Kitsap Rifle* court affirmed the trial court's conclusions that the Club's commercial and military use of the shooting range, as well as its increased noise levels, were expansions of the Club's nonconforming use because the trial court's conclusions were supported by its unchallenged findings. Because this court affirmed these conclusions in *Kitsap Rifle*, the trial court's conclusions of law regarding the Club's expansions of its nonconforming use are the law of the case, and we are bound by those conclusions in this subsequent appeal. Moreover, the law of the case doctrine provides that we may not again consider whether the trial court's findings of fact support its conclusions of law. Because the law of the case prescribes that the trial court's conclusions of law are supported by its findings of fact, we do not review them here.

Despite this, the trial court erred in entering declaratory judgment because its declaratory judgment does not conform to its conclusions of law and is contrary to this court's opinion in *Kitsap Rifle*. As discussed above, the trial court's declaratory judgment and injunction prohibit more than was necessary to remedy the Club's expansions of its nonconforming use. Accordingly, we reverse in part and remand the trial court's declaratory judgment with instructions to comply with this court's instructions regarding the permanent injunction.

CONCLUSION

We vacate in part the trial court's injunction prohibiting "commercial, for-profit uses"; the "use of explosive devices including exploding targets"; the "use of high caliber weaponry greater than .30 caliber"; and "practical shooting, uses, including organized competitions and practice." We remand the trial court's injunction in part with specific instructions to: (1) fashion a remedy that reflects that the Club's allowance of commercial, for-profit businesses that provide firearms courses to primarily military personnel is an impermissible expansion of the Club's

nonconforming use of its shooting range; (2) clarify which explosive devices were found to create an impermissible expansion of the Club's nonconforming use; (3) fashion a remedy that implements its original permanent injunction prohibiting the use of "exploding targets and cannons;" and (4) clarify whether "practical use" includes only practical shooting practices and competitions or whether practical shooting includes other conduct. We also reverse in part and remand the trial court's declaratory judgment with instructions to comply with this court's instructions regarding the permanent injunction, but we otherwise affirm the trial court's Order Supplementing Judgment on Remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Maxa, J.